Caeuthers, J.,
delivered tbe opinion of tbe Court.
Tbe County Court of Campbell made an order for tbe building of a new court bouse in Jacksboro’, the seat of Justice, and appointed five commissioners to make *516 the necessary contracts. The plaintiff, a citizen and owner of property in the county, asked for an appeal to the Circuit Court from that order, and the same was refused by the Court. He then presented his petition to the Circuit Judge for a writ of certiorari, to bring up the case, and the same was granted. At the September Term of the Circuit Court, upon motion, the petition was dismissed, and appeal taken to this Court.
The first and only question that need be considered is, whether any citizen of a county has the right to appeal from such an order of the County Court. We think it very clear that no such right exists. The right is claimed under the act of 1844, ch. 99, Nich. Sup., 11. It provides, that when “any person may conceive himself aggrieved by any decree or decision of any County Court, or by said County Court making allowances out of the public Or county moneys,” an appeal may be taken by any one aggrieved. The decrees or decisions meant by this act, are such as relate to or directly affect an individual, and not those general police orders, which affect all the citizens alike. It would be intolerable to allow the County Courts to be obstructed and harrassed by every man who might be dissatisfied with such orders, as they might deem necessary for the general good, and to litigate their power with any or every citizen. All their decrees or decisions touching the- rights of any particular individual, may be appealed from, by the person so affected, but none other. Even an order for the levying of a county tax, which touches the' interest of every tax-payer, does not fall under this act, as was decided in Obion County Court vs. Marr, 8 Humph., 638. Because, as the Court hold, that was a *517 municipal power given for the regulation of the fiscal affairs of the county, “from which no appeal is given.” This is surely a weaker case. Here no tax ■ was laid, hut only a police order contemplating an improvement, which might result in a future assessment of a tax to raise the funds necessary for the purpose. But even if this assessment had been made at the time, the case referred to settles that no- appeal would lie. If the objections stated in the petition are such as to render the order illegal and void, it will be for any person who may ask a benefit under it, or be affected by it, to make the objection, not a volunteer. So in the case of an order levying a tax, the contest must be between the tax collector and the tax-payer, not one whose property remains ’ untouched. This must be so, or the administration of the police of the counties would become impracticable. The only other cáse, besides the one' where the rights of a particular individual is affected by the decision of the Court, is where an allowance is made out of the' public moneys. In this case, as each citizen may be regarded as having an interest in the county funds, he may appeal from' an improper allowance of claims against it. But the order in this case makes no allowance, and cannot fall under that clause.
The judgment dismissing the certiorari was right, and must be affirmed.