McFarland, J.,
delivered tlie opinion of the court.
The petitioners, some fifteen persons, presented their petition to the judge of the thirteenth circuit showing that they are saloon keepers, carrying on the business of selling whiskies, etc., in less quantities than a quart-, in the county of Haywood, for which they pay certain taxes specified ; that the county court of Haywood, at its April term,. 1814, levied additional taxes for the support of common schools, and, among other things, levied an additional tax on the privilege of retailing spirits, equal to the state tax upon the privilege, and at the same time levied a tax upon merchants equal to three-fourths the state tax, and against nearly all other occupations declared to he privileges one-half the state tax, while some other privileges were not taxed at all. This exercise of the taxing power, it is maintained, was an unjust and illegal discrimination against their business, in violation of the constitution, and therefore void. It is now argued that it is in violation of an act. *611 of the legislature, passed in 1873, regulating the manner of taxing such privileges.
The petitioners allege that they had no- notice of the assessment, and therefore could not appeal. They pray that the several justices of the county named be made parties; that a certiorari issue to bring up a transcript of the record of the county court making said levy, in order that the validity of the same may be looked into, and that petitioners may be relieved of said tax.
A certiorari issued as prayed for, and a transcript from the county court was sent up, showing a levy of taxes substantially as stated in the petition. -
Idle circuit judge, upon the hearing, declared the action of the county court unconstitutional, illegal, and void; directed the clerk of the county court to make no further demand of said tax from the plaintiffs, and to refund them any sum they may have paid since filing their petition. The case is before us by appeal.
The first question is, whether the circuit court had jurisdiction to entertain the petition and render the judgment above referred to.
This involves the question whether the taxpayer may appeal from the action of the county coimt in levying county taxes. The certiorari was applied for-in this ease as a substitute for an appeal, the petitioners having been deprived of their right of appeal, as they allege, by reason' of the fact that they were not present, and had no notice of the action of the county court, the prayer of the petition being that the circuit court review the record of the county court and correct the errors, or declare void its action. It seems to us very clear that the circuit court has no jurisdiction, either by appeal or_certiorari, to review the action of the county court in a matter of this sort. Any person dissatisfied with the judgment or decree of a county court may appeal. Code, 3147. But this is neither a judgment or decree of the county court. The power thus *612 exercised by the comity court is political; its action partakes more of the legislative character. The county court exercises the taxing power, which for certain purposes the legislature under the constitution delegates to the court.
If the power be illegally exercised, the authority which this affords to the tax collector will be no protection to him if he attempts to enforce the levy against the taxpayer. The court will declare the levy void whenever the •question comes up between the tax collector and the citizen, just as courts declare void laws passed by the legislature for the purpose of raising revenue, which violate the constitution. But the court cannot entertain a petition filed alone against the justices to review and correct their action in making the levy.
In the case of the County Court of Obion County v. Marr, 8 Hum., 634, a tax had been levied by the court to build a jail. Harr, a taxpayer, appealed. Judge Turley, in delivering the opinion of this court, said: “We do not design, nor is it necessary, that we should enter into an investigation of the right and powers of the justices of the counties of this state to assess taxes upon taxable property for county purposes; the power so to do is expressly given, and the circuit court has no authority to control the justices of the counties in the exercise of this power, by annulling the assessment made by them, upon appeal taken by a citizen of the county from such assessment. The assessment is not a decree or decision of the county court from which an appeal is given by the act of 1844, ch. 99 [see Code, sec. 4819] ; but it is a municipal provision made for the regulation of the fiscal affairs of the county, and from which no appeal is-given. If the assessment be made by the justices without or in violation of authority, it is a void act, and the collector would not be protected by it in levying the taxes, and would be liable to an action for so •doing.” -Such, he says, was the case of Marr v. Enloe, 1 Yer., 452. “It would be intolerable,” he continues, “if *613 a county court could be harassed by every individual of the county who might be dissatisfied whenever an assessment of taxes was made for county purposes, and be compelled to litigate their power to levy in the county court.”
Similar language is used by Judge Oaruthers, in Carey v. The Justices of Campbell County, where it was held that a citizen could not appeal from an order for the building of a courthouse. 5 Sneed, 515.
The action of the county court in this case was not aimed at these petitioners, or any other particular individuals; the assessment complained of is against the privilege of tippling; petitioners claim they are affected by it. The question may arise between them and the county court clerk, whose duty it is to collect the tax; the validity of the assessment can then be litigated, but in the present case the justices only are made parties, who, as such, have no interest in the matter. They cannot in this manner be made to answer for the discharge of their official functions in the county court. The clerk of the county court was no party, and the order upon him ivas a nullity.
Reverse the judgment of the circuit court and dismiss the petition.