## J. H. GAMBLE et al., Road Com'rs v. R. B. PAINE.

## (Jackson. April Term, 1919.)

1. **COUNTIES.** Appropriation of funds. Damages for condemnation of land. County court. "May."

Acts 1907, chapter 323, providing that quarterly county court "may" appropriate out of the general funds of the county moneys for payments of any damages found to be due landowners, or others suffering from the action of the "Tipton county road commissioners in condemning land," means that county court "shall" make such appropriation. (*Post, p.* 550.)

Acts cited and construed: Acts 1907, ch. 323.

2. **EMINENT DOMAIN.** Power of road commissioners. Condemnation of land. Relocation of road.

Acts 1907, chapter 323, empowering Tipton county road commissioners "to condemn lands for purpose of widening or straightening roads, or reducing or avoiding grades, hills or marshy places," and authorizing county court to appropriate county moneys out of general funds for payment of landowner's damages, *held* to confer upon commissioners' jurisdiction of county roads, with power to relocate roads, and by exercise of eminent domain condemn land for such purpose. (*Post, pp.* 550, 551.)

3. **EMINENT DOMAIN.** Relocation of road. Necessity for relocation. Conclusiveness of county court's determination.

Under Acts 1907, chapter 323, the legislature has delegated to Tipton county road commissioners the question of the necessity for or advisability of taking land in county for road purposes, subject to supervision of quarterly county court, the action of county court being conclusive, in absence of a strong showing of fraud or oppression, and circuit court on appeal therefrom being concerned only with judicial questions, with no right to try matter *de novo.* (*Post, pp.* 551, 552.)

Cases cited and approved: Railroad v. Memphis, 126 Tenn., 267; Railroad v. Mayor and Aldermen of Union City, 137 Tenn., 500.

FROM TIPTON.

Appeal from the Circuit Court of Tipton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. S. J. Everett, Judge.

Simonton & Gwinn, for plaintiffs.

Owen & Bringle, for defendants.

Mr. Justice Green delivered the opinion of the Court.

This is a proceeding by the road commissioners of Tipton county to relocate one of their public roads. The defendant Paine, the landowner affected, questioned the propriety of the change. The commissioners determined upon the change, and the county court of Tipton county confirmed the action of the commissioners. Paine then appealed to the circuit court, which reversed the action of the county court, and upon appeal of the commissioners to the court of civil appeals the judgment of the circuit court was affirmed. The case has been brought here by petition for *certiorari* and argued in this court.

The Tipton county road commission was created by chapter 323 of the Acts of 1907, and its duties and powers defined by that act and subsequent amendments.

The road commissioners were given power, after notice to landowners, to condemn lands for the purpose of widening or straightening roads, or reducing or avoiding grades, hills, or marshy places. The commissioners were required to report their action to the next term of the quarterly county court, including in said report their assessment of damages, and the county court was authorized by the statute to ''hear and determine all questions arising out of any report of such commissioners,'' and to ''make such orders with reference to the approval, confirmation, or rejection of any report as to said court may seem right and proper in the premises, and may appropriate out of the general funds of the county moneys for the payment of any damages found to be due landowners, or others suffering from the action of the commissioners in such cases.'' The statute further provided for an appeal by any person aggrieved from the county court to the circuit court.

The provision in the above statute that the county court may appropriate moneys for payment of damages found to be due landowners must, of course, be read that the county court shall make such an appropriation.

These statutes so read merely confer upon the road commissioners of Tipton county jurisdiction of the county roads, with the power to relocate same, and for the furtherance of such purpose confer on that commission the right to acquire the land necessary by the exercise of the power of eminent domain. All of this is to be under the supervision of the quarterly county court.

Testimony introduced by the defendant below merely went to the question of the advisibility or necessity of the proposed change in the location of this road. Upon this testimony the circuit judge seems to have tried this whole matter *de novo,* and to have concluded that there was no necessity for the relocation.

In so considering this controversy we think the circuit judge was in error, and likewise the court of civil appeals.

Although there is some uncertainty in earlier cases, this court, in *Railroad* v. *Memphis,* said that where property was taken for a public purpose the judicial department of the government was vested with the power to take, and the power to determine the character of the taking, and the justness of the compensation to be made, "but all other incidents of the taking are political questions, for the determination of the sovereign, and not judicial questions, for the determination of the courts. Selecting the property to be taken as contradistinguished from similar property in the same locality, determining its suitableness for the use to which it is proposed to put it, as well as deciding the quantity required, are all political questions, which inhere in and constitute the chief value of the power to take." *Railroad* v. *Memphis,* 126 Tenn., 267, 148 S. W., 662, 41 L. R. A. (N. S.) 828, Ann. Cas 1913E, 153.

This doctrine was expressly reaffirmed in *Railroad* v. *Mayor and Aldermen of Union City,* 137 Tenn., 500, 194 S. W., 572.

This power to take has been delegated by the legislature to the road commissioners of Tipton county, subject to the supervision of the quarterly county court.

The quarterly county court is a legislative as well as a judicial body, and has particular functions and duties under the law with reference to the county roads. The road commissioners of Tipton county are required to report their action to the quarterly county court, and the latter tribunal may review the whole question.

We think, however, that the question of the necessity or advisability of a taking and the selection of the property to be taken is concluded when the quarterly county court acts.

The appeal provided to the circuit court was not intended by the statute to reopen such questions in the absence of a strong showing of fraud or oppression. The circuit court is concerned only with judicial questions as stated by counsel, and will not except in an extraordinary case, if ever at all, undertake to review the action of a road commission confirmed by the quarterly county court as to the necessity for a change in the county roads.

There is no real showing made by defendant in this case of any fraud or disposition to oppress him. His witnesses controvert the advisability of relocating the road. This question is certainly debatable on the proof. The evidence, indeed, proponderates in favor of the contentions of the road commissioners. At any rate, the case presents no judicial question for review in the courts.

The judgment of the court of civil appeals and the judgment of the circuit court will accordingly be reversed. This case will be remanded to the circuit court of Tipton county for further proceedings in conformity with this opinion.