SCOTT COUNTY *v.* SCOTT COUNTY ELECTION COMMISSIONERS,
*et al.*

(*Knoxville,* September Term, 1946.)

Opinion filed October 5, 1946.

MAXWELL SEXTON, County Attorney, of Oneida, for plaintiff in error.

HOWARD H. BAKER, of Huntsville, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This record presents an appeal to the Circuit Court by the County Judge in the name of the County from an appropriation of the Quarterly County Court of salary ($600) to the County Election Commissioners. The appropriation had been passed by the Court unanimously with the Judge presiding and not voting.

The appeal was allowed in the Circuit Court, but after a hearing on evidence, the action of the Quarterly Court in making the appropriation was "affirmed" as reasonable in amount and lawful under Code sec. 1973.

On the appeal to the Court of Appeals the appeal was dismissed as being unauthorized in law. On petition to rehear the dismissal was affirmed with some elaboration of authority.

On petition for *certiorari* here (1) the appeal is defended as lawful and authorized and (2) it is sought to set the appropriation of salary aside as being unreasonable.

Only the first proposition need be considered as the appeal was clearly unauthorized under Tennessee or general law.

In making the appropriation the Quarterly Court was acting in its legislative capacity and from such action there is no statutory provision for appeal. *Donnelly* v. *Fritts,* 159 Tenn. 605, 609, 21 S. W. (2d) 619; *Leonard* v. *Haynes,* 82 Tenn. 447. The appeals presently allowed by Code secs. 9028, 9029, are limited to appeals from judicial action of the Quorum Court. This is manifest from an account of the history of the legislation which originated as Ch. 99 of Public Acts 1843-44.

That Act in summary provided: That thereafter when any person conceived himself or the County aggrieved

(1) by any decree or decision of a County Court, (2) or by said Court making allowances out of the public or county monies; that such person might, on giving bond, appeal to the Circuit Court.

This Act was considered and construed in one published opinion before the effective date of the Code of 1858, *Carey* v. *Justices*, 37 Tenn. 515, and from language in that opinion apparently the right of appeal from appropriation of the public monies was approved. The opinion in the *Carey Case, supra,* denied the right of appeal from "a police order or regulation affecting all citizens alike," such as an order for the building of a Court House, which was the matter before the Court. However, in a *dictum* it was said: "The only other case, besides the one where the rights of a particular individual is affected by the decision of the court, is where an allowance is made out of the public moneys. In this case, as each citizen may be regarded as having an interest in the county funds, he may appeal from an improper allowance of claims against it. But the order in this case makes no allowance, and cannot fall under that clause." *Carey* v. *Justices,* 37 Tenn. 515, 517.

In any event that part of the Act permitting an appeal from an allowance or appropriation of public money was repealed by omission from the Code of 1858, and it was not re-embodied in the Code of 1932.

The Code of 1858, Section 41, contains substantially the same general repealing clause as does Sec. 2 of the Code of 1932.

The change from use of "person" in the original Act and Sec. 3147 of the Code of 1858, to "party" in the Code of 1932 makes it definite that the appeals authorized are limited to judicial action in the Quorum Court. Cf. *Donnelly* v. *Fritts, supra.*

■ In petition for *certiorari,* it is insisted that there was a double payment, i. e., that the appropriation was for a claim already paid. It is too late to raise that question here and of course, if true, the action should not have been by appeal from the appropriation but by an original action against the Commissioners for refund.

Denied.