HERBERT E. RUCKHART et al.

*v.*

MORGAN A. SCHUBERT et al.

451 S.W.2d 682.

(*Knoxville,* September Term, 1969.)

Opinion filed March 2, 1970.

RICHARD STAIR, Knoxville, for appellants.

J. ANTHONY BROWN, County Law Director, Knoxville, EARL S. AILOR, W. KEITH McCORD, Knoxville, EGERTON, McAFEE, ARMISTEAD & DAVIS, Knoxville, of counsel, for appellees.

See also 223 Tenn. 215, 443 S.W.2d 466.

MR. JUSTICE McCANLESS delivered the opinion of the Court.

This is an appeal from the Chancery Court at Knoxville and, because the constitutionality of a statute is a decisive issue in the case, the complainants prayed and were granted an appeal to this Court.

The suit is one for a declaratory judgment by persons who are the owners of homes in Knox County who seek to have declared void the ordinance by which the Knox County Commission zoned seventy acres fronting about 2,400 feet on Kingston Pike for uses other than for residences. The complainants contend that Chapter 158 of the Private Acts of 1967, which amended Chapter 183 of the Private Acts of 1937 so as to confer the county's zoning power on the County Commission was unconsti-

tutional because violative of Article 1, Section 8 and Article 11, Section 8, of the Constitution of Tennessee. Chapter 158 of the Private Acts of 1967 is the statute which established and which governs the Knox County Commission. The complainants insist that the attempted transfer of the zoning power from the Quarterly County Court to the County Commission, which the 1967 act purports to accomplish, is a void attempt to suspend the general zoning law of the State in so far as it affects Knox County.

It will be noticed that Chapter 158 suspends no part either of the substantive or of the procedural provision of the State's zoning laws; rather what it does, and all that it does, is to transfer the authority and the responsibility for the administration of those laws from the Quarterly County Court to the County Commission.

The prototype of Chapter 183 of the Private Acts of 1937 was Chapter 237 of the Acts of 1911 which established the commission form of government for Shelby County. The provisions are similar and the Knox County act is largely a copy of the Shelby County act. In *Prescott v. Duncan,* 126 Tenn. 106, 148 S.W. 229 [1912], this Court upheld the validity of the Shelby County statute and in the course of its opinion said: "* * * [I]t is manifest that the Legislature may take from the county court all power not conferred upon it by the Constitution expressly or by necessary implication."

The Court declared the Knox County act valid in *Troutman v. Crippen,* 186 Tenn. 459, 212 S.W.2d 33 [1937], and said:

"It is further insisted that the statute violates article 1, section 8, and article 11, section 8, of the consti-

tution, in that it is a special law that operates to suspend a general law of the state. This contention, as we understand counsel, is based upon the idea that in all other counties of the state, with the exception of Shelby County, the local affairs are administered by the county court, thus depriving the citizens of Knox County of the form of government prevailing in other counties. This identical situation was presented in *Prescott v. Duncan*, supra, where the same duties were transferred to a board of commissioners, with a few minor additions. The law was not changed by the 1937 act, and is the same as that in effect in the other counties. The status of the citizenry of Knox County is not affected by the statute. The only change is with respect to the instrumentality selected to administer the law. The constitution contains no restraint upon such legislative action, as was declared in *Prescott v. Duncan*. The rule is firmly established in this State that in order to render a statute invalid, under the above provisions of the constitution, it must primarily affect the citizens of the county in their individual relations.''

■ We are of opinion, therefore, that Chapter 158 of the Private Acts of 1967 is valid and transferred from the Quarterly County Court to the County Commission the zoning power of Knox County including the authority to adopt zoning ordinances.

■ The complainants' other insistence is that the ordinance complained of resulted in what they referred to as "spot zoning" thereby inferring that the zoning was arbitrary and capricious and therefore invalid. Almost all zoning regulations tend to benefit some persons more than others and many confer benefits on particular persons while inflicting harm on others. This results

from the very nature of zoning and does not invalidate a regulation unless it is shown clearly to be unreasonable. The burden rests upon the one who assails the regulation. *Davidson County v. Rogers,* 184 Tenn. 327, 198 S.W.2d 812 [1947].

■ The record contains much evidence in support of the zoning here under attack. The Chancellor in his able opinion said:

"Something has been said in the proof that the Commission summarily acted. It has been argued and some proof has been introduced to indicate that the County Commission acted summarily in permitting this rezoning to take place. The Court does not find that to be a fact. From the proof, the Court determines and so finds that each side was given adequate opportunity to be heard, that the Commission, at least some of the members, had been to the scene, were familiar with the property.

We overrule the complainants' assignments of error and affirm the Chancellor's decree. The costs are decreed against the complainants and their sureties.