**Paul BARRET, Jr., et al.,**
**Plaintiffs-Appellees,**

v.

**COUNTY OF SHELBY, et al.,**
**Defendants-Appellants.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

April 21, 1981.

Application for Permission to Appeal Denied by Supreme Court July 13, 1981.

William W. Farris, Homer Boyd Branan, III, Memphis, for defendants-appellants.

Charles M. Crump, John R. Cannon, Jr., Memphis, for plaintiffs-appellees.

NEARN, Judge.

This is an appeal from the order of the Circuit Court, which reversed the action of the Shelby County Board of Commissioners in rezoning certain Shelby County property owned by Dr. James E. Gragg, Jr., et ux.

Gragg sought rezoning of a portion of his property located at the intersection of Aus-

tin Peay Highway and Mudville Road. The application was first heard by the Land Use Control Board of Shelby County. This board recommended the rezoning of the Gragg property from R–1 to C–1 over the protest of certain objectors, the appellees herein. The matter was then taken to the Board of County Commissioners of Shelby County, the legislative body of Shelby County, and that body authorized the said rezoning. The objectors sought review of that action by petition for certiorari to the Circuit Court of Shelby County. The Circuit Court, after reviewing the record and taking additional proof, held that the zoning change had "no substantial relation to the public welfare and is an arbitrary and unreasonable exercise of the police power." Accordingly, the Circuit Judge reversed and declared the action of the Shelby County Board of Commissioners in rezoning the Gragg property to be null and void. The Graggs have perfected their appeal to this Court.

Simply put, appellants contend there was evidence before the County Commission to support the rezoning or at least make the question fairly debatable. This being true, the Circuit Court in effect has erroneously substituted its judgment for that of the legislative body by declaring the rezoning void.

In encapsulated form, it is the position of the appellees that there was insufficient evidence to render the rezoning question even fairly debatable and that the change of zoning has no substantial relationship to the public welfare; thus, such rezoning was an arbitrary and unreasonable exercise of police power and the Trial Judge was eminently correct in declaring the rezoning invalid.

Proper understanding of our disposition of this appeal will require an elucidation of the facts presented.

The rezoned property forms a 2.5 acre corner of the total Gragg property, which is primarily farm land, located in the northern area of Shelby County. This rezoned portion of the subject land is at the southeast corner of Austin Peay Highway and Mud-

ville Road. Austin Peay is a major southwest-northeast artery and Mudville Road is a proposed major east-west artery; the proposal being to widen Mudville Road to a width of 106 feet. The property now fronts 400 feet on Austin Peay Highway and 300 feet on Mudville Road. It is more than 5 miles beyond the Memphis City limits.

The petitioners stated in their application for rezoning that they desired to sell therefrom vegetables raised on their adjacent lands. The rezoning sought and granted was from R–1, single family dwelling and agricultural, to C–1 neighborhood shopping.

According to Shelby County procedure, a request for rezoning is first submitted to the Shelby County Land Use Control Board for a recommendation to the Shelby County Board of Commissioners. The Land Use Control Board calls for a recommendation of the professional staff of the Memphis and Shelby County Office of Planning and Development. Under this procedure in this case, after considering the application, the Office of Planning and Development recommended to the Land Use Control Board as follows:

"The applicant's request for C–1 zoning on the subject property has merit. Commercial zoning of the site would provide convenient shopping for the area residents, where no such facility presently exists. Additionally, the rezoning would conform to the Land Use Control Board and Shelby County Quarterly Court's past policy of locating commercial uses at major road intersections. Austin Peay Highway is a major road with 160 feet of right-of-way, (24 foot pavement) and Mudville Road is a proposed major road with a recommended right-of-way width of 106 feet. If this application is approved, rezoning should be denied with 53 feet of the centerline of Mudville Road to provide for its future widening....

"The request should be approved as commercial zoning would provide convenient shopping for residents of the area and past Land Use Control Board Policy has been to recommend location of commercial districts at major road intersections.

In addition, commercial use of the site would not have a detrimental effect on adjacent or nearby land uses."

The Land Use Control Board conducted public hearings, after which it recommended approval of the rezoning to the Board of Commissioners and stated:

"The Land Use Control Board recommends approval of the application based on the following reasons:

"1. Commercial zoning on the site would provide the applicant with a location from which to sell farm products grown in the nearby acreage owned by him, as well as other related everyday needs.

"2. The rezoning would conform with Land Use Control Board policy of relegating commercial uses to major road intersections. Both Austin Peay Highway and Mudville Road are major roads as designated by M.U.A.T.S. with 160 and 106 feet of proposed right-of-ways respectively.

"3. Because of the area's large lot character, any commercial use of the site would be located over 400 feet from the nearest residence and would not have a detrimental effect on adjacent or nearby land uses."

This recommendation by the Land Use Control Board, although made with the recommendation of the Memphis and Shelby County Office of Planning and Development, was made over the adverse recommendation of a subsection of the Office of Planning and Development called the Long Range Planning Division of the Office of Planning and Development of Memphis and Shelby County. This subsection filed its report with the Land Use Control Board stating that:

"The zoning request is contrary to the recommendations in the *Raleigh-Bartlett Planning District Study*. The purpose for developing the regional commercial center at Yale and Austin Peay Highway was to prevent this type of piecemeal commercial development from taking place. This request should be rejected."

In 1961 the Shelby County legislative body had adopted a resolution establishing a Comprehensive Zoning Plan for areas of Shelby County located *more* than 5 miles beyond the City of Memphis which plan did not show a commercial zoning for the subject land. This Comprehensive Zoning Plan is not to be confused with the Raleigh-Bartlett Planning District Study.

Based upon the recommendations and testimony adduced at a public hearing before the Shelby County Board of Commissioners, the Commissioners directed a rezoning of the Gragg property.

In declaring the rezoning ordinances of the Shelby County legislative body to be void as an arbitrary and unreasonable exercise of police power, the Trial Judge found the act was not enacted in accordance with an approved comprehensive plan, that there was no evidence of the development of land in the area creating a demand for commercial facilities, and that a small area had been singled out and given a different treatment from that accorded to similar surrounding land, indistinguishable from it in character.

The Trial Judge apparently based his conclusion of non-accordance with an approved comprehensive plan on the following: that the 1961 plan did not designate the subject land as commercial; that the rezoning as granted is within 30 feet of the center line of Mudville Road contrary to the suggestion of the Land Use Control Board and, therefore, did not allow for the widening of Mudville Road to a width of 106 feet; and that the "Raleigh-Bartlett Planning District Study" states that development along Austin Peay Highway Corridor, which assumedly would include the area involved, has not approached the development that has been encouraged.

■ We are of the opinion and hold, that the Trial Judge erred in reversing the action of the Shelby County legislative body.

In the briefs both counsel use terms such as "spot zoning" and "approved comprehensive plan". We are unmoved by such terms. These are terms of professional planners and are largely undefined. Whether the zoning in question be termed "spot zoning"

or contrary to an "approved comprehensive plan" is not the issue before this Court or the Trial Court. As stated by Judge Matherne when speaking for this Court in the unreported case of *Van Dyke v. City*, released November 17, 1975, certiorari denied June 1, 1976, the issue is "whether the legislative enactment violated the constitutional rights of the people governed thereby" and

"The overuse and repeated citations of such phrases as 'the general plan for the community as a whole', 'use suitability', 'uniformity of use within a division', 'comprehensive plan for the good of the community', etc. merely beg the question. The legislative body is duly constituted to enact legislation governing the people involved. The only function of this court is to determine if the enactment violates any provisions of the state and federal constitutions and whether the enactment is an arbitrary, capricious or illegal use of legislative authority. The courts are not to apply terms used by professional planners so as to invade the prerogatives of the legislative branch. When we so restrict our approach to the issue, we may or may not agree with the particular ordinance and the change effected by it. We are, however, firmly convinced that we thereby fulfill the mission of appellate review."

In *Grant v. McCullough* (1954) 196 Tenn. 671, 270 S.W.2d 317, although counsel therein attempted to have the Court base its decision on "spot zoning" the Court avoided such term and based its decision squarely on the fact that the ordinance contravened Article XI, § 8 of the Tennessee Constitution.

In *Ruckhart v. Schubert* (1970) 224 Tenn. 139, 451 S.W.2d 682, the Court observed:

"The complainants' other insistence is that the ordinance complained of resulted in what they referred to as 'spot zoning' thereby inferring that the zoning was arbitrary and capricious and therefore invalid. Almost all zoning regulations tend to benefit some persons more than others and many confer benefits on particular persons while inflicting harm on others.

This results from the very nature of zoning and does not invalidate a regulation unless it is shown clearly to be unreasonable."

In *Davidson County v. Rogers* (1947) 184 Tenn. 327, 198 S.W.2d 812, the Court stated:

"[1] Before considering the defendants' contentions, the very limited scope of judicial review must be kept in mind lest this Court in error, substitute its judgment for that of the Legislature. 'It is said that the courts have the right to determine whether such law is reasonable. By this expression, however, it is not meant that they have power to pass upon the act with a view to determining whether it was dictated by a wise or a foolish policy, or whether it will ultimately redound to the public good, or whether it is contrary to natural justice and equity. These are considerations solely for the Legislature. In determining whether such act is reasonable the courts decide merely whether it has any real tendency to carry into effect the purpose designed—that is, the protection of the public safety, the public health, or the public morals—and whether that is really the end had in view, and whether the interests of the public generally, as distinguished from those of a particular class, require such interference, and whether the act in question violates any provision of the state or federal Constitution.' *Motlow v. State*, 125 Tenn. 547, 589, 590, 145 S.W. 177, 188, L.R.A. 1916F, 177.

"[2] We have said that when a Quarterly County Court is acting in its legislative capacity in matters political and municipal in character, that there will be no judicial review unless the action is clearly unconstitutional. *Donnelly v. Fritts*, 159 Tenn. 605, 609, 21 S.W.2d 619; *Gamble v. Paine*, 141 Tenn. 548, 551, 552, 213 S.W. 419; *County Court of Obion v. Marr*, 27 Tenn. 634; *Carey v. Justice of Campbell County*, 37 Tenn. 515."

Also in *Davidson County* it was stated: "[9] Of the second contention that the resolution of April 1945 constituted 'piecemeal' or 'spot' zoning, it is only nec-

essary that we find the procedure followed by the County Court completely authorized and validated by the enabling Act. (sec. 2, Chap. 473, Private Acts 1939), which specifically authorizes zoning of the County partially and by successive plans. This identical contention was made and decided against defendants' contention in *Spencer-Sturla Co. v. Memphis, supra; Howe Realty Co. v. City of Nashville*, 176 Tenn. 405, 141 S.W.2d 904; *McKelley v. City of Murfreesboro*, 162 Tenn. 304, 36 S.W.2d 99."

Under our tripartite system of government the Judicial Branch may in no way interfere with the exercise of lawful powers of another branch of government. In zoning matters, if the zoning regulation be fairly debatable it must be upheld, *Davidson v. Rogers, supra.* Unless the legislative act "is wide of any reasonable mark, (it) must be accepted", *White v. Henry* (1955) 199 Tenn. 219, 285 S.W.2d 353.

The fact that the instant rezoning may or may not be in conformity with "an approved comprehensive" plan is irrelevant to the Court of Appeals. It is, however, an important element in so far as the legislative body's decision is concerned, but not for this forum. The legislative body is not bound by any comprehensive plan. If it were, there would be no need for rezonings, as the "plan" would be "writ in stone" and unalterable. The legislative body has the power to abolish the "approved comprehensive plan" or adopt a new one. Therefore, it certainly has the power to deviate from it if it chooses, and so long as it does not act unconstitutionally in so doing.

As we view the matter, if any deviation in the "approved comprehensive plan" exists in this case, it would be in the fact that Mudville Road has not yet attained the status of a "major thoroughfare" because it has not yet been widened to 106 feet. However, it is proposed to be so widened. The question then is, did the legislative body act unconstitutionally in rezoning based on a proposed widening of a road to "major thoroughfare" status or must it wait until the feat is accomplished before it

may do so. To pass a constitutional test or the test of whether the act has any relation to the public welfare (which actually is the same test), there must only be some reasonable relationship between the power exercised and the act enacted. The reasons therefor of the legislative body are not to be questioned by this branch of the government. Those reasons may, in our view, be excellent, good, poor or bad reasons, but so long as they are rationally arguable reasons we must uphold the legislation and not substitute our judgment for that of the legislative body. We are of the opinion that the uncontroverted fact that the intersection of Austin Peay Highway and Mudville Road is a proposed major thoroughfare intersection, affords reason enough to establish the constitutionality of the action of the Shelby County Legislative Body.

The fact that the rezoning may or may not conflict with the Raleigh-Bartlett plan is simply a judgment call of the legislative body. Additionally, as we view the record the Raleigh-Bartlett plan does not encompass the subject area.

There was proof before the legislative body that the sale of produce or commercial use at this corner would be beneficial to the general public. There was proof to the contrary. Such being the case, we may not say the legislative body erred in adopting one position over the other. The issue was fairly debatable.

As to the matter of the legislative body rezoning that which was proposed to be used for the widening of Mudville Road, we see nothing unconstitutional in that. We would seriously question the refusal of a legislative body to give a portion of a parcel a zoning which it presently merited based solely on the reason that the government would have to condemn it in the near future and consequently it should be kept at a lower zoning value than it merited in order to save the government money upon future condemnation. See *Bayside Warehouse v. City of Memphis* (1971) 63 Tenn.App. 268, 470 S.W.2d 375.

For the reasons stated, the judgment of the Circuit Court is reversed and the act of the Shelby County Board of Commissioners is upheld and declared valid.

Costs of appeal are adjudged against appellees.

Done at Jackson in the two hundred and fifth year of our Independence and in the one hundred and eighty-sixth year of our Statehood.

SUMMERS, J., and BLACKBURN, Special Judge, concur.