**William H. NANCE, Plaintiff-Appellant,**

v.

**COUNCIL OF the CITY OF MEMPHIS, Composed of A.D. Alissandratos, Oscar H. Edmonds, Jr., Jeff Sanford, Barbara Sonnenburg, Thomas H. Todd, Jr., Patricia Vander Schaaf, Glenn Raines, Billy Hyman, Ed McBrayer, Michael A. Hooks, Robert B. James, Dr. James W. Ford, and J.O. Patterson, Jr.; and The Southeast Memphis Mental Health Center, Incorporated, Defendants-Appellees.**

Court of Appeals of Tennessee,
Western Section,
at Jackson.

Nov. 22, 1983.

Permission to Appeal Denied
March 19, 1984.

Larry H. Nance, Memphis, for plaintiff-appellant.

Clifford D. Pierce, Memphis, for Council.

Michael C. Williams, Memphis, for Southeast Memphis Mental Health Center.

CRAWFORD, Judge.

Plaintiff, William Nance, filed a petition for writ of certiorari and declaratory judgment contending the defendant, Council of the City of Memphis (City Council), acted unreasonably, arbitrarily and capriciously in granting to defendant Southeast Mental Health Center, Inc., a special use permit. Plaintiff appeals from the judgment of the trial court upholding the action of the City Council.

There is no transcript of evidence from the trial court, but the court did have a transcript of the proceedings before the Land Use Control Board and the City Council of the City of Memphis including the prior special use permits issued under a previous zoning ordinance which were introduced as exhibits. Section 1, 8 and 30 of

the Joint Ordinance and Resolution No. 3064 of the City of Memphis which became effective January 1, 1981, were filed and made a part of the record by stipulation of the parties. The record does not contain any evidence of the other sections of the ordinance, nor does it contain the previous zoning ordinances under which the prior special use permits were issued.

The trial court dismissed the case in accordance with its findings of fact and conclusions of law which we set out as follows:

1. Defendant Southeast Memphis Mental Health Center, Inc. was first issued a special use permit for the property at 3669–3679 Kimball on April 10, 1979. The permit was for a period of one year. A second permit was issued on July 8, 1980, again for a one year period. This permit was renewed on July 7, 1981, with the 1981 resolution again providing a one year limitation. On June 29, 1982, the permit was again renewed, this time for a period of three years. The 1980, 1981, and 1982 resolutions all provided that the permit could be renewed.

2. On January 1, 1981, Joint Ordinance and Resolution No. 3064, and in particular Sections 1, 8, and 30 of that ordinance, became effective. Under the provisions of Joint Ordinance and Resolution No. 3064, the City Council is not empowered to grant a special use permit for the type facility sought in a R–S6 district, the type of district in which the facility is now located.

3. The City Council did not grant a new special use permit on June 29, 1982, but rather renewed a previously granted special use permit. The Council was empowered to take such renewal action.

The applicable ordinances do not include any provisions concerning time limits for special use permits nor any procedures for renewal of such time-limited permits. However, Section 8 F of Joint Ordinance and Resolution 3064 specifically provides that the Council may impose such conditions as it sees fit for the special use. This section thus authorizes conditions in the form of time limits on such permits and renewals of such time-limited permits. The use made of property by the Southeast Memphis Mental Health Center, Inc. is a previously existing lawful nonconforming use rather than a new special use illegally granted.

4. Renewal of the special use permit is not an extension of the use prohibited by Section 30.B.3 of Joint Ordinance and Resolution 3064 but is rather a continuation of that use authorized by Section 30.B.1.

5. The use of the term "mental health day care and treatment center" in the 1982 permit rather than the term "mental health clinic" does not constitute an illegal expansion of the use of the property. No proof was presented indicating any difference in use of the facility.

6. The Court concludes that the Memphis City Council did not act illegally in renewing the special use permit of Southeast Memphis Mental Health Center, Inc. for the property located at 3669–3679 Kimball Avenue.

7. The Court concludes that Exhibit 1 for identification is properly admissible into evidence and should be considered by the Court. Exhibits 2 and 3 for identification are not admissible and have been excluded from consideration of the case.

In the recent case of *Fallin v. Knox County Board of Com'rs*, 656 S.W.2d 338 (Tenn.1983), Justice Brock discussed clearly and concisely the procedures available to litigants who seek review of zoning actions taken by county or municipal authorities and the scope of review by the courts of factual determinations made by such zoning authorities. Justice Brock concluded:

It is our opinion that an action for declaratory judgment, as provided by T.C.A. §§ 29–14–101—29–14–113, rather than a petition for certiorari is the proper remedy to be employed by one who seeks to invalidate an ordinance, resolution or other legislative action of county, city or other municipal legislative authority enacting or amending zoning legislation. However, where, as here, the plaintiff

mistakenly employs the remedy of certiorari the court may treat the action as one for declaratory judgment and proceed accordingly, rather than dismiss the action. *Id.* at 342.

Therefore, we will proceed on the case treating it as a declaratory judgment suit although the trial court handled it as a common law writ of certiorari.

As to the scope of review we quote further from *Fallin:*

Our county legislative bodies are vested with broad powers to enact and to amend zoning regulations governing the use of land: T.C.A., §§ 13–7–101—13–7–105. When a municipal governing body acts under delegated police powers either to adopt or amend a zoning ordinance, it acts in a legislative capacity and the scope of judicial review of such action is quite restricted. *Davidson County v. Rogers,* 184 Tenn. 327, 198 S.W.2d 812 (1947); *Mobile Home City of Chattanooga v. Hamilton County, supra* [552 S.W.2d 86 (1976)]; *Barrett v. Shelby County,* Tenn.App. 619 S.W.2d 390 (1981).

"Legislative classification in a zoning law, ordinance or resolution is valid if any possible reason can be conceived to justify it." *State ex rel. SCA Chemical Waste Services, Inc. v. Konigsberg, Tenn.,* 636 S.W.2d 430, 437 (1982).

The restricted role of the courts in reviewing the validity of a zoning ordinance or regulation has been aptly stated as follows:

"Zoning is a legislative matter, and, as a general proposition, the exercise of the zoning power should not be subjected to judicial interference unless clearly necessary. In enacting or amending zoning legislation, the local authorities are vested with broad discretion and, in cases where the validity of a zoning ordinance is fairly debatable, the court cannot substitute its judgment for that of the legislative authority. If there is a rational or justifiable basis for the enactment and

it does not violate any state statute or positive constitutional guaranty, the wisdom of the zoning regulation is a matter exclusively for legislative determination.

"In accordance with these principles, it has been stated that the courts should not interfere with the exercise of the zoning power and hold a zoning enactment invalid, unless the enactment, in whole or in relation to any particular property, is shown to be clearly arbitrary, capricious, or unreasonable, having no substantial relation to the public health, safety or welfare, or is plainly contrary to the zoning laws."

*Id.* at 342–343.

Plaintiff contends the City Council acted illegally in issuing the special use permit of June 29, 1982, because no authority existed to issue such a permit with a time limitation; also the use permitted was enlarged from the use provided for in the previous permit which was renewed. In addition the plaintiff contends that changing the time limitation in the renewed permit to three years instead of the one year limitation allowed in the prior permit is an extension or enlargement not authorized by the ordinance.

■ The parties concede that under the new ordinance there is no authority to issue a new special use permit for the use by defendant Southeast in this particular neighborhood. Thus, any authority of the City to issue such a permit must be by virtue of the use of the property existing at the time the new ordinance went into effect. We agree with the conclusion of the trial court that the ordinance authorizing issuance of special use permits applies to renewed permits and does allow the permit to be issued with a time limitation. As provided in § 8 B of the ordinance, "Special Use Permits are required for specified uses which must satisfy standards in addition to those generally applicable in a zoning district to eliminate or minimize the potentially harmful characteristics or impact of such special uses on the character of the zoning district in which it will be located." Section

8 F of the ordinance provides specifically for conditions on special uses and states in part "the Land Use Control Board may recommend, and the legislative body may require, the special use to comply with *any* conditions required to meet the general and particular standards..." (Emphasis added).

As pointed out in 101 A C.J.S. Zoning and Land Planning, § 232 (1979):

Conditional or Special Uses.

Conditional uses or as they are sometimes referred to, special exception uses, enjoy acceptance as a valid and successful tool of municipal planning on virtually a universal scale. Conditional uses have been used in zoning ordinances as flexibility devices, which are designed to cope with situations where a particular use, although not inherently inconsistent with the use classification of a particular zone, may well create special problems and hazards if allowed to develop and locate as a matter of right in a particular zone. A regulation permitting a board or officer to impose conditions and safeguards for a special use is intended to confer authority to tailor a proposed use to the conditions of the area so as to protect the health, safety, and welfare.

*Id.* at 663.

Our Supreme Court in *Stevenson v. Palmer*, 223 Tenn. 485, 448 S.W.2d 67 (1969), in considering a matter concerning the board of adjustment under the then existing zoning laws said:

The grant of broad powers to a board of adjustment in zoning matters is necessary in order for the board to have the needed flexibility to properly function. No pieces of land are exactly alike and cannot be treated as the same for zoning purposes.

*Id.* at 69.

■ We think this comment is equally appropriate to the zoning ordinance under consideration as it applies to the special use permits authorized by the Land Use Control Board under the supervision of the City Council. We feel, therefore, that the ordinance authorizing special use permits to be issued on such conditions as prescribed by the granting authority is broad enough to include, where appropriate, time limitations. Such a provision is suitable to allow for the continuing supervision of a special use under the conditions and standards as required. It appears to this court that time limitations calling for renewal are beneficial to those who might oppose the special use permit rather than a benefit to the holder of the special use permit.

■ Plaintiff also asserts that the special use permit issued June 29, 1982, enlarged the use of the property contrary to the express prohibition of allowing such an enlargement contained in § 30 of the zoning ordinance. The previous special use permit which was renewed by the June 29, 1981 permit was for a "mental health clinic" and the special use permit in question is for "mental health day care and treatment center." The trial court found that this was not an illegal expansion of the use of the property, apparently because no proof was presented indicating any difference in the use of the facility. We disagree with the trial court's finding in this regard. The plain meaning of the words establishing the use indicates a difference. A clinic is defined as a facility for diagnosis and treatment of outpatients. *See Websters Third New International Dictionary* (1971) p. 423. It appears to this court that treatment center and mental health clinic are virtually synonymous and that a mental health day care center is *not* included within the definition. Therefore, the special use permit issued June 29, 1982 did expand the previous use allowed by special permit and is not authorized by the ordinance.

Section 30 of the zoning ordinance in question provides:

(3) Extensions.

A nonconforming use shall not be extended, expanded, enlarged or increased in intensity.

■ The defendants contend that the language used in the permit under consideration is synonymous with previous language "mental health clinic." Obviously,

with this contention, defendants are asserting that the use made of the property is identical to the use previously made. This does not have any bearing on the extent of the use authorized by the special use permit.

█ The trial court did not address the question concerning the enlargement of the time limitation in the renewal permit. The previous permit which was renewed by the June 29, 1982, permit provided that its term was for one year, but it could be renewed. No time limitation was placed on the renewal period. Obviously, the authorities felt their control over the conformance to the conditions was adequately protected with such an extended time provision. We do not feel that this is a prohibited enlargement under § 30 of the ordinance.

In *Barret v. County of Shelby*, 619 S.W.2d 390 (Tenn.App.1981), Judge Nearn aptly described the role of the judiciary in cases such as this.

█ Under our tripartite system of government the Judicial Branch may in no way interfere with the exercise of lawful powers of another branch of government. In zoning matters, if the zoning regulation be fairly debatable it must be upheld. *Davidson v. Rogers, supra* [184 Tenn. 327, 198 S.W.2d 812 (1947)] Unless the legislative act "is wide of any reasonable mark, (it) must be accepted", *White v. Henry* (1955) 199 Tenn. 219, 285 S.W.2d 353.

*Id.* at 394.

We feel as to the time limitation referred to above the special permit is at least "fairly debatable" and as to the extent of the use permitted the permit is probably "wide of any reasonable mark."

The City Council properly issued a renewal permit, but improperly included an enlargement of the use permitted. This court can limit the action taken by the legislative body to such action which was legal and this we do. Therefore, the judgment of the trial court dismissing the cause is reversed. The action of the City Council is upheld and declared valid to the extent it authorizes the use of the property for a "mental health clinic" only, and to this extent the special use permit is so modified. The costs of the appeal are adjudged against Southeast Memphis Mental Health Center, Incorporated.

NEARN, P.J. (W.S.), and HIGHERS, J., concur.