HENRY *et al. v.* WHITE *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

REUBEN H. NICHOLS, of Knoxville, for appellants Keith M. Henry et al.

WAYNE PARKEY, of Knoxville, for appellants Ralph M. White et al.

RICHARD L. CARSON, of Knoxville, for appellee City of Knoxville.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The charter of the City of Knoxville, and particularly that part thereof enacted by Chapter 473 of the Private Acts of 1929, authorizes the City Council to zone the City. By Ordinance No. 123 the City was zoned. By Section 6 of this ordinance it was provided that in zoning districts " 'E', 'F' and 'G' Commercial District'' buildings may be used ''for any use permitted in the apartment districts or for any other use except the following:'' Then follows twenty-one exceptions in Zone E. One of these is ''15. Public garage except as provided in section 19''.

The ordinance creates a Planning Commission. By Section 19 (6) it provides that the Planning Commission may, with the approval of the City Council, ''permit a public garage in a commercial district where it is deemed necessary for the public convenience or welfare''.

On December 21, 1948 the City Council, by a vote of five to one, enacted Ordinance No. 1749. That ordinance amended Zoning Ordinance No. 123 so as to permit public garages in all commercial districts of the City on lots which abut streets designated as a part of a United States Highway. The effect of the amendment is to permit public garages on Magnolia Avenue in Zone E commercial district. By sub-section 15 of Section 6 of Ordinance No. 123, as above pointed out, a public garage could not be maintained anywhere in Zone E commercial district prior to amending Ordinance No. 1749.

A quite large majority in value, and perhaps number, of the property owners in zoning district E whose property is detrimentally affected (according to the allegations of the bill) by amending Ordinance 1749 instituted this suit. Their bill alleges that amending Ordinance No. 1749 is invalid. A part of the relief sought is that the Court so declare.

Two men named White who are operating a garage on Magnolia Avenue under the purported authority of amending Ordinance No. 1749 and the City of Knoxville are made defendants. By their separate demurrers to the bill these defendants assert the validity of amending Ordinance No. 1749.

The Chancellor sustained the demurrer and adjudged amending Ordinance No. 1749 to be a valid enactment. The complainants have appealed. So, the question here is whether amending Ordinance No. 1749 is valid.

Commencing in perhaps 1945 or 1946 the Whites made an effort to procure from the City Planning Commission the authority to erect and maintain a public garage on the lot in question on Magnolia Avenue in Zone E. The City Commission rejected the application after a hearing which followed the protest of property owners. White procured a permit to erect a building on this lot purportedly to carry on some business permitted in Zone E. When the building inspector examined the plans of building, etc., he called the attention of White to the fact that the building being planned and erected appeared to be a garage building and that, if so, that business could not be maintained there. The Whites went on with their building.

Thereafter repeated efforts were made by the Whites to procure a permit from the Planning Commission to operate a garage there. Each time the application was resisted by affected property owners. Each time the application for such a permit was refused.

Finally the Whites went to the City Council. Although the matter was resisted there the City Council by a large majority vote adopted an oral motion to permit the Whites to operate a public garage on this lot.

By bill in Chancery the affected property owners in Zone E immediately challenged the validity of the above-mentioned action of the City Council. Then it was that the City Council enacted Ordinance No. 1749 purporting to amend the zoning law in the respects mentioned. If valid, the Whites can operate their garage on the lot in question in Zone E. By their supplemental bill these property owners challenge, as above stated, the validity of this ordinance.

■ Reference to decisions is unnecessary to support the now elementary and conclusively settled fact that the Legislature may empower a municipality to enact a zoning ordinance regulating the use to which land may be put or prohibited in the various zoning districts.

■ Equally as well settled is the fact that a zoning ordinance enacted pursuant to such statute is valid, except where that ordinance may be in some respect unreasonable or arbitrary. If there be a discrimination between properties in zoning, such discrimination will not be disturbed if it may be rested upon some reasonable basis, and is not forbidden by the Charter.

It will be assumed, in so far as it concerns this case, that a zoning ordinance which permits the maintenance of a public garage on a street within a given zoning district that is designated as a United States Highway, while prohibiting such use as to property on other streets of that district not designated as a United States Highway, is a discrimination which may be rested on a reasonable basis.

■ Because of the emphasis placed thereon in pleadings and brief, presumably, to imply favoritism, but not fraud, we have detailed the alleged activities of the Whites in this matter. In reality, this is of no impor-

tance, in so far as it concerns this case. "If the enactment is valid, the motive behind the enactment is not to be inquired into by this court." *Madison* v. *City of Maryville,* 173 Tenn. 489, 493, 121 S. W. (2d) 540, 542.

A zoning ordinance is not invalid merely because it may be detrimental to some properties in the district. This is because the interest of the individual is subordinate to the public welfare. *Howe Realty Co.* v. *City of Nashville,* 176 Tenn. 405, 413, 141 S. W. (2d) 904.

If a zoning ordinance violates the requirements and prohibitions of the statute which authorizes that zoning ordinance, then, to the extent of such violation such zoning ordinance is invalid. *State ex rel. Lightman* v. *City of Nashville,* 166 Tenn. 191, 199, 60 S. W. (2d) 161.

Under the statute authorizing the Knoxville City Council to zone the property of the City, it is clear that the council could have permitted the operation of public garages on all streets in Commercial District E, or it could have prohibited, as it originally did, the maintenance of a public garage on any property in that district. But amending Ordinance No. 1749 takes neither of these courses. On the other hand, it purports to permit the maintenance of a public garage on certain streets in the district (those designated as a part of a United States Highway) while prohibiting such business everywhere else in the district.

Having assumed for the purposes of the case at bar that this discrimination is upon a reasonable basis, it would follow that Ordinance 1749 is a valid enactment unless the charter which authorizes the zoning forbids the discrimination in question.

The zoning statute for the City of Knoxville is Chapter 473 of the Private Acts of 1929. Its Sections 1 and 2 are

carried in the Charter of the City of Knoxville as Sections 129 and 130. By Section 1 of the statute the City Council is "empowered to regulate and restrict * * * the location and use of buildings, structures, and land for trade, industry * * *." And by Section 2 the Council may divide the municipality into districts and "may regulate and restrict the * * * use of buildings, structures, or land" within the various districts. Then follows this provision:

> "*All such regulations shall be uniform for each class or kind of buildings throughout each district,* but the regulations in one district may differ from those in other districts." (Emphasis supplied.)

The immediately above-quoted language is clear and unequivocal. It is reasonably capable of only one meaning. That meaning is that it forbids the City Council from permitting on certain streets in a given district the use of buildings for a purpose that is forbidden everywhere else in that district. If the words of a statute plainly mean one thing they cannot be given another meaning by judicial construction. *Mathes* v. *State,* 173 Tenn. 511, 516, 121 S. W. (2d) 548.

Ordinance No. 1749 purports to authorize the use of buildings on certain streets in District E for a public garage while that use is prohibited everywhere else in that district. Therefore, Ordinance No. 1749 violates Section 2 of Chapter 473 of the Private Acts of 1929, being Section 130 of the Knoxville City Charter. Accordingly, Ordinance No. 1749 is invalid. *State ex rel. Lightman* v. *City of Nashville,* supra. The decree of the Chancellor holding to the contrary is reversed.

The Chancellor held that the heretofore mentioned resolution of the City Council adopting a motion to per-

mit the Whites to maintain a garage building on the lot in question was invalid. The Whites have appealed on that question. From that heretofore said, it is clear that the Chancellor was correct in holding such resolution invalid. His decree to that effect will be affirmed.

The decree of the Chancellor will be modified in the respect above mentioned, and, as so modified, will be affirmed. The cause will be remanded for further proceedings in accordance herewith. The costs of appeal will be equally divided between (1) the Whites and their sureties, and (2) the City of Knoxville. The cost of the lower court will be adjudged by the Chancellor in due course of proceedings.