HENRY *et al. v.* WHITE *et al.*

(*Knoxville,* September Term (May Session) 1952.)

Opinion filed June 5, 1953.

REUBEN H. NICHOLS, of Knoxville, for complainants.

WAYNE PARKEY, of Knoxville, for defendants.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This cause has previously been appealed to this Court and the details of the controversy are fully stated in the opinion on that appeal, which is published in 250 S. W. (2d) 70-73, 194 Tenn. 192. As appears from the opinion, the defendants White are operating a commercial garage on Magnolia Avenue, in the City of Knoxville, under the alleged authority of (1) a resolution of the City Council of Knoxville, and (2) ordinance No. 1749 of that City. In *Henry v. White*, supra, we held both the resolution and the ordinance unconstitutional and void. The use of the property for a commercial garage is, therefore, illegal.

The opinion of the Court on the former appeal was handed down on June 11, 1952. Procedendo on the opinion was filed in the Chancery Court in Knox County on July 26, 1952, by which the cause was remanded to the Chancery Court "for further proceedings and final determination therein."

So far as the record discloses, no steps were then taken in the cause until September 17, 1952, when a motion of

defendants to be allowed an additional 10 days within which to make defense, was disallowed, and a final decree was entered giving the defendants White 40 days within which to vacate the property and cease its use for a commercial garage, the cause being retained in the Chancery Court for the enforcement of the final decree.

■■ The present appeal was from the Chancellor's action in overruling defendants' motion for allowance of additional time in which to make defense. When the procedendo was filed in the Chancery Court on July 26, 1952, the effect of it was to overrule defendants' demurrer. (Gibson's Suits in Chy., 1937 Ed., Sec. 662.) The defendants then had until the next rule day to plead further. This they failed to do. The matter of the additional allowance of time presented by the motion of September 17, was a matter within the sound discretion of the Chancellor. The defendants show (1) neither why they needed additional time to plead, (2) nor what defense they proposed or could make.

■ Defendants insist that no pro confesso was taken prior to the entry of the final decree, and that therefore, the final decree is invalid. This is not the law, *Sewell v. Tuthill & Pattison,* 112 Tenn. 271, 79 S. W. 376, and the failure to take pro confesso in no way prejudices the defendants since if the pro confesso had been taken, it would still be within the sound discretion of the Chancellor whether that pro confesso should be set aside to enable defendants to plead further.

The assignments of error are overruled and the decree is affirmed at the cost of the defendants.