RALPH M. WHITE, *et al. v.* KEITH M. HENRY, *et al.*

(*Knoxville,* September Term, 1954.)

Opinion filed August 2, 1955.

Rehearing denied October 7, 1955.

220.

Keith M. Henry and Wallace F. Burroughs, both of Knoxville, for appellants.

Wayne Parkey, of Knoxville, for appellees.

W. E. Badgett, of Knoxville, for City of Knoxville.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The question for decision is whether the Chancellor erred in sustaining the bill of Ralph M. White and others for review of a decree for error of law apparent, such decree being entered in another suit between the same parties, that decree being in favor of Keith M. Henry and others, appellants here, and defendants to the bill of review.

Litigation between the parties with reference to the subject matter involved has reached this Court twice heretofore. Refer to 194 Tenn. 192, 250 S. W. (2d) 70, and 195 Tenn. 383, 259 S. W. (2d) 862. The present case involves three separate subsequent suits between the same parties instituted in the Chancery Court of Knox County, its causes No. 35830, 35893 and 36189, respectively.

The contest stems from an effort of two men named White, appellees here, and complainants to the bill of review, to operate an automobile garage and repair shop in a certain zoned district of Knoxville. Owners of nearby residences, though not necessarily in the same zone, such owners being appellants here, have consist-

ently resisted the operation of such garage on the ground that such operation violates the zoning law of Knoxville. It was while the appeal of the Whites was pending in the cause referred to in 195 Tenn. 383, 259 S. W. (2d) 862, supra, that the City of Knoxville enacted its Ordinance No. 2185 purporting to amend its zoning law. The effect of that amendment, so the Whites insist, is to permit the operation of such a garage within the boundaries of the zoning district involved.

Appellants, residence owners, filed their bill in cause No. 35830, the first of the three subsequent suits mentioned, attacking the validity of Ordinance 2185, supra. The defendants White and the City of Knoxville had not answered that bill when there expired the time fixed for such answer. A pro confesso was promptly entered followed within a few days by a decree adjudging this ordinance invalid.

Within about a week after the entry of the decree, supra, White filed his bill in cause No. 35893, which is the second of the three subsequent suits mentioned above. The bill in this second suit had the aspects of (1) a bill for review of the decree entered in the first suit, No. 35830, for errors of law apparent, and (2) for fraud in the procurement of the order pro confesso.

Henry and his associates, defendants in this second cause, they being the complainants in the first cause, were of the opinion that it is not permissible to seek in one bill both of these characters of relief. Upon their motion that the Whites be required to elect whether they would treat their bill in this second suit as a bill to impeach for fraud or as a bill for review, the Whites elected to treat it as a bill to impeach for fraud.

Thereupon, the Court filed his memo. opinion holding that "the sole question presented to the Court for deter-

mination is: Was the pro confesso properly taken and entered or was it so taken as to constitute a fraud in law." It was adjudged that the order pro confesso was legally taken; hence, that the bill of the Whites in the second suit, No. 35893, be dismissed.

While that second suit was pending, the Whites commenced the third suit, cause No. 36189, supra. Their bill sought to have reviewed and reversed the decree entered in the first suit, No. 35830, supra, on the ground that the bill in this first suit "could not be sustained upon the averments of said original bill".

. The Chancellor sustained the bill in this third suit, holding that the decree in the first suit, "No. 35830 cannot be sustained upon the antecedent pleadings consisting of the original bill and the exhibits thereto". The only exhibit to the bill in 35830 is the Master Zoning Ordinance (No. 123) of Knoxville. That decree in this third suit held invalid and set aside the order pro confesso and final decree in the first suit, adjudged amending ordinance No. 2185 to have been legally enacted, and ordered the dismissal of Henry's bill filed in the first suit. The appeal now being considered is from that decree in this third suit.

Though the City of Knoxville was a party defendant to the first suit it was not originally a party complainant in the third suit, wherein it was sought to review the decree entered in the first suit. So, the appellants made the point that the third suit could not be maintained. The subsequent action of the Chancellor in allowing Knoxville to be made a party defendant in this third suit is assigned as error.

██ ██ The legislature has evidenced an intention that liberality be practiced in permitting amendments, including the addition of new parties, plaintiffs and de-

fendants. The Courts have consistently acted in accord. Read Code Sections 8622 and 8713. The granting of the application to make this amendment seems to clearly fall within the spirit and letter of these code sections, and in accord with the practice of the Courts. Therefore, this insistence is rejected.

The bill in the first cause is by reference made a part of the bill in the third cause. The bill in the first cause plainly reflects the interest of the Whites in the question of whether Ordinance No. 2185 is valid. The legal operation of their garage depends thereupon. Appellants' insistence, therefore, that the bill in the third cause does not show wherein the Whites are aggrieved by the decree in the first cause holding this ordinance invalid is not well taken.

In the third cause, No. 36189, a motion was made by Henry to dismiss White's bill for review. Eight grounds were assigned. One of these was that the second suit, cause No. 35893, involving identical parties, facts and subject matters, is pending. The failure of the Chancellor to sustain this ground of the motion is assigned as error.

Upon the insistence of Henry, the Chancellor required White to elect as to whether he would proceed with this second suit, No. 35893, as a bill to review the decree in the first suit or as a bill for fraud in the procurement of the order pro confesso in that first suit. White thereupon elected to proceed in the second suit on the theory of fraud in the procurement of the order pro confesso. And the Chancellor considered it only on that basis. The third suit, No. 36189, being the one under consideration here, was for a different purpose, to wit, a bill to review the decree in the first suit for errors apparent. Hence, entirely different issues were involved in the two suits. *Caldwell* v. *Huffstutter*, 173 Tenn. 225, 230-231, 116

S. W. (2d) 1017. In reality, this was exactly in accordance with the insistence of appellants that the relief permitted by a bill for review could not be sought in the same bill which sought relief by reason of fraud in the procurement of that decree.

The argument in appellants' brief is that appellees were put to their election as to whether they would proceed by way of bill of review for error apparent or by way of a bill to impeach for fraud, and, having elected to proceed in the second suit to impeach for fraud, that such election is irrevocable, thereby preventing appellees from thereafter prosecuting the third suit by way of a bill of review for errors of law apparent.

■ Appellants, in making such insistence, have, we think, overlooked the fact that in order for such an election of remedies to be irrevocable, the remedies must be inconsistent, *Grizzard* v. *Fite,* 137 Tenn. 103, 107, 191 S. W. 969, L. R. A. 1917D, 652, and have overlooked the fact that the two remedies involved here are not inconsistent. This is because there may be error of law apparent in the decree, without regard to whether the preceding order pro confesso was legally entered.

■ By the same token, there must be rejected appellants' insistence that the decree rendered in the second suit, cause No. 35893, is a bar by way of res adjudicata to the relief sought by the bill in the third suit, cause No. 36189. The issue and decree in the second suit, cause No. 35893, was limited to the question of whether the pro confesso was legally entered in the first suit, cause No. 35830. The relief sought in the third suit, cause No. 36189, and being the one under consideration on this appeal, was limited to the procuring of a review of the decree entered in the first suit for alleged error of law apparent. The issues being different, and not in conflict,

the Chancellor did not err in overruling appellants' plea of res adjudicata. *Caldwell* v. *Huffstutter,* supra.

It is necessary at this point to hold that the Chancellor erred in the third suit, cause No. 36189, in adjudging void the pro confesso entered in the first suit, cause No. 35830. It was specifically adjudged in the second suit, cause No. 35893, that this order pro confesso was validly entered. That was the only issue involved in that suit. That decree was final. There was no appeal from it.

The next question for determination is whether the Chancellor in this third suit, cause No. 36189, erred in holding that the decree in the first suit, cause No. 35830, (1) ''cannot be sustained upon the antecedent pleadings consisting of the original bill and the exhibits thereto'', and (2) in adjudging Ordinance 2185 to have been legally enacted, and (3) in ordering the dismissal of appellants' bill filed as complainants in the first suit, cause No. 35830, seeking, and therein procuring, an adjudication that this amending ordinance is invalid.

In addition to the original bill and its exhibit Ordinance No. 123, being the Master Zoning Ordinance of Knoxville, the Chancellor, in determining in the first suit, cause No. 35830, whether amending Ordinance No. 2185 was a void enactment, was required to take into consideration the order pro confesso which has been adjudged to have been legally entered in that cause.

An order pro confesso has the effect of an admission upon the part of the defendant of all matters of fact well alleged. Such an order does not have the effect of being treated as an admission by the defendant that the conclusions of law alleged in the bill based upon those facts are true. To the contrary, it is for the Court to declare what is the law based on the alleged facts. *Murrell*

v. *Watson,* 2 Tenn. Cas. 244, 247; *Sewell* v. *Tuthill & Pattison,* 112 Tenn. 271, 285, 79 S. W. 376.

■ ■ Therefore, in determining whether there is error of law apparent in the decree entered in the first suit, cause No. 35830, it is not permissible for the Court to be concerned with those charges in the bill which are mere conclusions of the pleader, mere conclusions of law. But the Court must assume as true the allegations of fact and, from those allegations, determine whether the conclusions of law as adjudged by the decree can be sustained by the bill, including its exhibit, the Master Zoning Ordinance No. 123. Or, to express it in the language of this Court, in testing the merits of a bill of review for error of law apparent on the face of the decree "it is admissible to compare the decree with the pleadings, in order to see whether the former is consistent with the latter." *Eaton* v. *Dickinson,* 35 Tenn. 397, 401.

The bill in 35830 alleges that the complainants Henry et al. own residences across the street from lots owned by the two Whites whereon they have been attempting for years to operate a public automobile repair garage; and

"that White's lots are actually located fronting the 3400 Block of Linden Avenue, being Lot No. 10 and a west portion of Lot No. 9 and small parts of other lots as shown on plat as referred to in paragraph 1 of this bill. White's original building and the addition are both located wholely on Lots No. 10 and No. 9 that faces on Linden Avenue, a residential Avenue, and that White's is the only commercial structure that faces on Linden, all other buildings facing on this avenue being residences, same being along both sides of this 720 foot long block, and that White's structure is completely out

of keeping and design and harmony with this residential neighborhood, there being no other commercial buildings permitted.''

The lots of the Whites, according to the allegations of the bill, are located in a district ''zoned as Commercial E as shown on the Master Zoning Ordinance No. 123.''

The bill alleges with reference to amending Ordinance No. 2185 that ''as a result of this ordinance public repair garages can now be operated in all commercial areas of the City of Knoxville, adjacent to and across the street from some of the City's newest million and a half ($1,500,000.00) Dollar public high school buildings, branch libraries, and in hundreds of residential neighborhoods where there now, or in the future, exist small convenience shopping centers.'' It is stated elsewhere in the bill that as a result of this ordinance public garages may be operated in all commercial zones.

The bill says that the operation of this garage will cause ''irreparable damage and injury'' to the property of complainants, and that the ordinance, in effect, was enacted for the purpose of aiding the Whites in accomplishing their purpose to operate a garage on their said lots; that proper notice of the pending legislation was never given the public, and that publication was made in such a manner as to preclude the citizens from realizing what effect the ordinance would have on their property, and that no publication was ever made subsequent to passage. But the bill further alleges with reference to Ordinance No. 2185 ''that Whites did persuade, and the City Council did pass on February 24, 1953, after two (2) Planning Commission and seven (7) City Council hearings by a vote of 5 to 0, and at all of which hearings the complainants vigorously opposed the enactment of Ordinance No. 2185''. The bill refers to the opinion of

this Court in *Henry* v. *White,* 194 Tenn. 192, 250 S. W. (2d) 70.

Do the aforestated allegations of fact legally justify the decree adjudging the amending Ordinance No. 2185 to be invalid?

In *Henry* v. *White,* 194 Tenn. 192, 197, 250 S. W. (2d) 70, 72, the charge of favoritism upon the part of the City to the Whites was made, as it is made in the bill now under consideration. That response was that " 'If the enactment is valid, the motive behind the enactment is not to be inquired into by this court.' Madison v. City of Maryville, 173 Tenn. 489, 493, 121 S. W. (2d) 540, 542."

By Section 2 of Master Zoning Ordinance, Knoxville, through its council, is authorized to "regulate and restrict the * * * use of buildings, structure or lands" within the various districts. Such regulations must be uniform for each "kind of building *through-out* each district, but the regulations in one district may differ from those in other districts".

In holding under this provision that "spot zoning" of a garage was not permissible it was said via dictum in *Henry* v. *White,* 194 Tenn. 192, 250 S. W. (2d) 70, that "the council could have permitted the operation of public garages on all streets in commercial district E". That is exactly what Ordinance No. 2185 proposes to do, according to the allegation of the bill. The enactment of such ordinance applicable everywhere in a given commercial district seems to be authorized by Section 2 of the Master Zoning Ordinance empowering the council to "regulate and restrict the—use of buildings, structure or lands" in the various districts.

On this point the case at bar seems to be on all fours

with *Rawlins* v. *Braswell,* 191 Tenn. 285, 290, 231 S. W. (2d) 1021, 1023, wherein the Court held:

" 'This is true, because it appears from this record that the planning commission, in laying off the City of Murfreesboro into seven distinct and separate zones or districts, determined the character of business that should be and should not be carried on in said districts.

" 'In District B-2, the planning commission and the City Council determine the character of business that should be conducted in this district and this meant anywhere in the district that a permit might be granted for the construction of any type of building and for any type of business. Every property owner in B-2 District was treated alike and given the right by this ordinance to build a filling station on his or her property, upon complying with the rules and regulations prescribed.

" 'This classification being expressly made, it is difficult to see how it could be made discriminatory as to any part of the property contained in District B-2 by section 1 of Art. XIII. * * *,' "

So, in the instant case, in as much as any one in the commercial zone may operate a garage upon his or her property, it cannot be said that Ordinance No. 2185 is discriminatory in effect, and since this is a commercial zone, there is no basis upon which may be rested a holding that the permission to operate a garage in that zone is arbitrary or unreasonable.

As in *Brooks* v. *City of Memphis,* 192 Tenn. 371, 241 S. W. (2d) 432, so here, the allegations of the bill show nothing other than that appellants' properties are on the border line of the property affected by amendment No. 2185. As observed in that case, the

decision of the legislative body unless it is wide of any reasonable mark must be accepted since there is "no mathematical or legal way of fixing that line precisely". Certainly it cannot be said that this ordinance is wide of any reasonable mark in permitting the operation of a garage in a district which is commercial.

Though the supposed depreciation in value of appellants' property by reason of the ordinance in question is to be regretted, such fact does not, per se, render the ordinance invalid, *Red Acres Improvement Club* v. *Burkhalter,* 193 Tenn. 79, 84, 241 S. W. (2d) 921, because the interest of the individual is subordinate to the public welfare. *Howe Realty Co.* v. *City of Nashville,* 176 Tenn. 405, 413, 141 S. W. (2d) 904.

The fact that proper publication with reference to the enactment of this ordinance was not had is immaterial in any view of the matter because the bill expressly admits that the appellants attended each of the two hearings before the Planning Commission and each of the seven City Council hearings with reference to this matter, and at each of these hearings did "vigorously oppose the enactment of ordinance No. 2185". That seems to have been considered determinative on this point in *Brooks* v. *City of Memphis,* supra, wherein the Court observed that: "no question is made but that Petitioner had notice of the proposed amendment to the Zoning Ordinance, and was represented by counsel at full hearings, both before the Board of Adjustment, and before the City Commission. The record so shows."

Based on the fact allegations of the bill in 35830 it must be concluded, as held by the Chancellor, in sustaining the bill of review, cause No. 36189, that (1) the decree in No. 35830 adjudging Ordinance No. 2185 invalid "cannot be sustained upon the antecedent pleadings

consisting of the original bill and the exhibits thereto'', and (2) that this decree in ''35830 be vacated, set aside and for nothing held'', and (3) based on the allegations of the bill in 35830 that Ordinance No. 2185 is a valid enactment. This (3), immediately above, became material to deciding whether the Chancellor erred in dismissing the bill in No. 35830.

The insistence of appellants, however, is that the Chancellor erred in going further and dismissing their bill in cause 35830. The fact allegations of the bill in 35830 are repugnant, as a matter of law, to the relief sought by that bill, in that, based on these fact allegations, Ordinance No. 2185 is a valid enactment. Therefore, the relief prayed could never be had under that bill. Hence, the Chancellor, being authorized so to do under the prayer for general relief, was correct, in our opinion, in ordering the dismissal of the bill in 35830.

The decree of the Chancellor will be modified so as to eliminate an adjudication that the pro confesso entered in cause No. 35830 is void, and should be set aside. Otherwise, the Chancellor's decree will be affirmed with costs adjudged against the appellants and their sureties.