Charles E. WILGUS et al.,
Plaintiffs-Appellees,

v.

The CITY OF MURFREESBORO et al.,
Defendants-Appellants.

Court of Appeals of Tennessee,
Middle Section.

Feb. 28, 1975.

Certiorari Denied June 23, 1975.

Thomas L. Reed, Jr., Granville S. R. Bouldin, Murfreesboro, Tenn., for defendants-appellants.

Dicken E. Kidwell, Murfreesboro, Tenn., for plaintiffs-appellees.

DROWOTA, Judge.

## OPINION

Appellants seek reversal of a judgment of the Chancery Court for Rutherford County declaring a zoning ordinance of the City of Murfreesboro void as violative of the City Charter.

The Murfreesboro City Council on August 15, 1974, enacted an ordinance rezoning certain property owned by appellants from a Medium Density Residential District (R–2) to an Intermediate Business District (B–2), which would permit use of the property for a proposed shopping mall.

On September 5 appellees, owners of nearby residential property, brought suit challenging the ordinance, naming as defendants the City of Murfreesboro and various officials thereof. The owners of the rezoned property were permitted to intervene as parties defendant pursuant to Rule 24, TRCP. On September 23, following a hearing on plaintiff-appellees' application for a restraining order, the Chancery Court temporarily enjoined use of the property as an Intermediate Business District.

Plaintiffs-appellees contended that the ordinance was enacted in violation of Article III, § 5 of the Charter of the City of Murfreesboro because it (1) was not passed by a four-fifths vote of the City Council, (2) was not published three times prior to its adoption, and (3) was not submitted, as amended, to the City Planning Commission. The Chancellor concluded that the proposed ordinance did not require a four-fifths majority vote because plaintiffs had not filed a timely written protest thereto, as required by the Charter. The Chancellor found the ordinance void, however, because it was not published three times before its enactment and because an amendment to the ordinance on third and final reading was substantial enough that consideration by the Zoning Commission was required before its adoption. The owners of the rezoned property perfected this appeal and have assigned as error the Chancellor's holdings with respect to (1) the impropriety of the ordinance's publication and (2) the Council's failure to re-submit it to the City Zoning Commission.

The record may be summarized as follows. Appellants own a strip of land in Murfreesboro fronting approximately 900 feet on Broad Street, being approximately 200 feet deep, which had been zoned B–2 prior to the events giving rise to this action. Subsequently, they acquired about twelve acres of land immediately behind and adjoining their B–2 property, which was zoned R–2 and is the property involved in this appeal. Appellants requested a rezoning of the tract to B–2, and the City Zoning Commission recommended the change. Upon receiving the recommendation, the City Council directed the publication of a notice of a public hearing on the proposal, scheduled for July 13, 1974. The notice was published in the Murfreesboro Daily News Journal on May 28, 1974. The ordinance was passed on first and second readings on May 23 and May 30, respectively.

Prior to enactment on third and final reading, the area to be rezoned was reduced by removing from the description a "buffer zone" twenty feet wide on the three sides of the tract adjacent to residential property. No other change was made in the text of the ordinance, but certain conditions on use of the property were created by a letter of August 15, 1974, from the City Attorney to the Murfreesboro Building Department. It was stated that the Mayor and City Council were requiring the owners of the rezoned property to execute a performance bond assuring that hemlock trees would be planted in the buffer zone at fifteen foot intervals, that three thirty-foot wide entrances would be established at specified points, and that any building to be erected must be located in the center of the tract. One of the tracts' owners testified that the owners had agreed to furnish a sewer easement across the property as part of the consideration for the zoning change.

I.

Article III, § 5 of the Charter of the City of Murfreesboro provides, with respect to zoning ordinances, that "Notice of the adoption of such amendment, supplement or change in the ordinance shall be given by publishing such notice three (3) times in some daily or weekly newspaper of general circulation in the city." It is admitted by appellants that only one notice of the zoning ordinance at issue was published by the City. Appendix A to the Murfreesboro City Code, containing the zoning laws under which the City has operated for many years, provides, however, for giving only one notice of a proposed ordinance by publication in a newspaper of general circulation. It is an elementary principle that ordinances of a city are subordinate to charter provisions. *Barnes v. Ingram*, 217 Tenn. 363, 397 S.W.2d 821 (1966). The city may not by ordinance nullify a mandatory provision of its charter. The only question is whether plaintiffs-appellees had standing to raise the impropriety of the notice.[1] The proof shows that the appellees had notice of the proposed ordinance and attended City Council meetings to make known their opposition to the rezoning. The Supreme Court held in *White v. Henry*, 199 Tenn. 219, 232, 285 S.W.2d 353, 359 (1955), that improper notice was "immaterial in any view of the matter" when plaintiffs had notice of the proposal and attended Planning Commission and City Council meetings to oppose its adoption.

1. T.C.A. § 13–703 provides for one publication of proposed zoning ordinances.
   The Murfreesboro Charter is not in conflict with the statute, which provides only a *minimum* notice requirement that the municipalities in their discretion may make more stringent. The City of Murfreesboro has asked for the guidance of the Court on the question of how many publications of its zoning ordinances are necessary for a legal enactment. A charter requirement prescribing a method to be pursued by a municipal legislative body in adopting ordinances is mandatory, and an attempted exercise that is not in compliance with such requirements is void. *Rutherford v. Nashville*, 168 Tenn. 499, 79 S.W.2d 581 (1935). A pattern of noncompliance, no matter how long established, does not vitiate a charter requirement. The only escape from its burden is repeal in the manner prescribed by the charter; mere fiat by the city can never suffice.

■ The Chancellor held that *White* was not binding in this case because it did not deal with violation of a charter provision requiring publication. While *White* does not indicate the nature of the publication requirement, counsel for appellants has called to the Court's attention the Supreme Court record in the *White* case, now stored in the State Archives, which demonstrates that the publication provision was a charter requirement. See *White v. Henry*, Supreme Court at Knoxville, Knox Equity, Box 136, 2222 E.R.C. No., State Library and Archives. We have examined the record before the Supreme Court in *White* and find that the holding of the Court was in reference to a charter provision of the City of Knoxville. We are constrained to hold that plaintiffs-appellees cannot make objection to the ordinance based on the city's failure to give proper notice to the public of its pendency, when appellees had notice of the proposed ordinance and knowledge of the public hearing and did in fact appear before the City Council and voice their complaints on several occasions. Appellants' first assignment of error is sustained.

## II.

Appellants contend the Chancellor also erred in holding that the City Council's revision of the proposed zoning amendment required its resubmission to the Zoning Commission.

T.C.A. § 13–704 provides with respect to zoning changes that "no amendment shall become effective unless it be first submitted to and approved by the planning commission or, if disapproved, shall receive the favorable vote of a majority of the entire membership of the chief legislative body." This requirement is incorporated in Article XII of Appendix A to the Murfreesboro Code, which provides that "no such amendment shall become effective unless the same be first submitted for approval, disapproval or suggestions to the City Planning Commission."

In *Metropolitan Government of Nashville and Davidson County v. Mitchell, et al.*, unreported opinion, cited by appellants, of the Court of Appeals of Tennessee, Middle Section at Nashville, filed August 30, 1974, this Court had before it a similar issue. In that case the Metropolitan Code required that "no ordinance shall become effective until it shall have passed by majority vote on three different days," but the ordinance at issue had been substantially and materially altered on second reading. We held that the scope and effect of the pending proposal had been altered to the extent that its essential elements had been fundamentally disturbed, and that consequently it assumed a new identity and was a new bill, requiring passage on three different days pursuant to the Metropolitan Charter. We noted, however, that minor or merely formal amendments do not constitute such a change.

■ If a proposed zoning ordinance is amended so substantially that a new proposal is, in effect, created we think it clear that both the state statute and municipal code provision require it to be submitted to the planning commission for its consideration before the municipal legislative body may finally act upon it. To hold otherwise would defeat the clear intent of the statutory requirement that the legislative body have available, before it acts, the recommendations of the commission. We do not suggest, however, that the test for determining whether a proposed zoning ordinance, as amended, must be resubmitted to a planning commission is the same as the test for determining whether a proposed ordinance, as amended, must be passed on three different days because it became a new bill. The purposes of the two requirements are not identical.

■ The purpose of requiring submission to the planning commission is to give the legislative body the advantage of the commission's expertise on land use planning with respect to the proposal that it must either adopt or reject. A revision in a proposed zoning ordinance that would not,

**54**

under *Mitchell*, create a new bill mandating passage for the requisite number of days under an applicable charter or statute, might nevertheless be so important as to require resubmission of the proposal to the commission. The test is whether the revision is so substantial as to create a strong probability that the commission's recommendation would have been affected by the revision. If the change is both inconsequential and produces no detrimental effects to those who would oppose it, then the revised proposal is not required to be resubmitted.

■ The lawmaking powers of the municipality being vested in its governing body, there is no requirement that it abide by the commission's suggestions. It is required, however, that it have before it those suggestions when it acts. The statutory requirement is meaningless unless the fundamental considerations created by the terms of the ordinance militating for and against its adoption were actually before the commission. Consideration by the courts of the substantiality of the revision is properly limited to an examination of the face of the ordinance.

■ In the instant case the only change in the proposed ordinance was the creation of an area to remain R–2 that would constitute a buffer zone twenty feet wide inside the perimeter of that portion of the twelve acre tract facing residential property. The amendment would appear to be beneficial rather than detrimental to those who oppose it. The amendment did not create so substantial a change that resubmission to the planning commission was required, because it was not likely to have any effect on the commission's recommendation. Appellants' second assignment of error is sustained.

The judgment of the Chancery Court is reversed and the case is dismissed.

SHRIVER, P. J., and TODD, J., concur.