IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

FILED

July 7, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

| | | |
|---|---|---|
| WESTLAND WEST COMMUNITY ASSOCIATION, et al. | ) | **Filed:** __July 7, 1997__ |
| | ) | |
| Plaintiffs/Appellants, | ) | KNOX CHANCERY |
| | ) | |
| v. | ) | Hon. Sharon Bell, Chancellor |
| | ) | |
| KNOX COUNTY, et al., | ) | No. 03S01-9610-CH-00098 |
| | ) | |
| Defendants/Appellees. | ) | |

FOR APPELLANT:

George W. Morton, Jr.
Knoxville

FOR APPELLEE:

Courtney N. Pearre
Knoxville

Michael W. Moyers
Knox County Law Department
Knoxville

# O P I N I O N

COURT OF APPEALS REVERSED                                    HOLDER, J.

## OPINION

We granted this appeal to determine whether Tenn. Code Ann. § 13-7-105(a) mandates submission of a newly proposed zoning classification amendment to the regional planning commission following the commission's rejection of a similar but different proposed classification. The Court of Appeals held that the statute does not require futile resubmissions of revised proposals. We, however, find that the proposal in question was not merely a revised prior proposal but was a new and previously unsubmitted proposal. The statute clearly mandates submission of new proposals to the regional planning commission. We reverse the Appellate Court and hold that the new zoning proposal should have been submitted to the regional planning commission.

## BACKGROUND

The appellee, Thomas N. Schriver, filed a rezoning application with the Knoxville-Knox County Metropolitan Planning Commission ("MPC"). His application sought to amend a tract of land's zoning from Agriculture ("A") to Shopping Center ("SC")[1]. The MPC unanimously denied Schriver's requested change. He then appealed the MPC's decision to the County Commission.

During the hearing before the County Commission, the appellee presented a zoning proposal that differed from the proposal he originally submitted to the MPC. He requested the commission to rezone the property to

_____

[1] SC is limited to retail uses. SC limits building height to a maximum of three stories and is intended for retail developments that generally attract consumers from the surrounding residential areas.

2

Planned Commercial ("PC")[2] as opposed to SC. The County Commission approved the revised amendment request and rezoned the property as PC.

The appellants, Westland West Community Association, et al., appealed the commission's zoning decision to the Knox County Chancery Court. They alleged that the Commission's decision was void. They argued that Tenn. Code Ann. § 13-7-105(a)[3] mandated that the appellee submit his new proposal to the MPC prior to seeking review before the County Commission. The chancery court agreed and held that when the appellee changed his request from SC to PC, he was required to by statute to resubmit the zoning request to the MPC.

The Court of Appeals reversed the chancery court's decision. They found that resubmission of the more onerous proposed amendment to MPC would have been futile due to the MPC's previous determination that "any commercial zone would be contrary to the . . . Sector plan." Pursuant to Wilgus v. City of Murfreesboro, 532 S.W.2d 50 (Tenn. App. 1975), the court held that resubmission is not mandated unless there is "a strong probability that the

---

[2] PC permits extensive commercial services and light distribution centers. Buildings may exceed four stories in height in land zoned as PC. PC is intended to draw customers from both outside and inside the immediate residential area. This attraction of a larger market may increase consumer traffic to the area. The presence of commercial trucking may also be more prevalent in land zoned as PC as opposed to SC.

[3] Tennessee Code Annotated § 13-7-105 provides, in pertinent part, as follows:

> (a) The county legislative body may from time to time amend the number, shape, boundary, area or any other provision of any zoning ordinance; but such amendment shall not be made or become effective unless that same be first submitted for approval, disapproval or suggestions to the regional planning commission of the region in which the territory covered by the ordinance is located, and, if such regional planning commission disapproves within thirty (30) days after such admission, such amendment shall require the favorable vote of a majority of the entire membership of the county legislative body.

3

[regional planning] commission's recommendation would have been affected by the revision."

## STATUTORY CONSTRUCTION

The appellants argue that the Court of Appeals erred in focusing its analysis solely on whether the board's decision would have been the same upon resubmission. They maintain that the proper inquiry should focus on the gravity of the revised proposal's changes. Provided the revisions are substantial, Tenn. Code Ann. § 13-7-105(a) mandates resubmission. We agree in part.

A county legislative body is vested the statutory power to amend zoning ordinances. Tenn. Code Ann § 13-7-105(a). A proposed zoning amendment, however, shall neither be granted nor become effective unless the proposed amendment is first submitted to the regional planning commission. Id. The regional commission can then either approve, disapprove, or make suggestions. Id. If the regional commission rejects the proposed amendment, the amendment may then be submitted to the county legislative body for approval. Id.

Our analysis is guided by the principles of statutory interpretation. Legislative intent shall be derived from a statute's face when a statute's language is unambiguous. Hamblen County Educ. Ass'n v. Hamblen County Bd. of Educ., 892 S.W.2d 428, 435 (Tenn. Ct. App. 1995); see also Carson Creek Vac. Resorts v. Dept. of Rev., 865 S.W.2d 1, 2 (Tenn. 1993) (stating where language within four corners of statute is plain, clear, and unambiguous ambiguous, intent shall be derived from statute's face). If a statute's language is expressed in a manner devoid of ambiguity, courts are not at liberty to depart from the statute's words. Id. Accordingly, courts are restricted to the "natural and ordinary"

4

meaning of a statute unless an ambiguity necessitates resorting elsewhere to ascertain legislative intent.  Austin v. Memphis Publ. Co., 655 S.W.2d 146, 149 (Tenn. 1983).

We find the statute's language clear.  A proposed amendment to a zoning scheme must first be submitted to the regional planning commission.  If a proposed zoning amendment is not first presented to the regional planning commission, the county commission is devoid of jurisdiction to act upon the proposal.

Once a proposed admendment has been submitted to the regional planning commission, the proposal may be revised.  Whether the revised proposal must then be resubmitted to the regional planning commission is contingent upon:  (1)  the gravity of the revision(s), and (2)  whether the board's recommendations would have been altered by the revision(s).  Wilgus v. City of Murfeesboro, 532 S.W.2d 50, 53-54 (Tenn. Ct. App. 1975).  If the revision is inconsequential and would not have altered the board's recommendation, resubmission is not mandated.  If, however, the revision(s) substantially alters the initial proposal, the proper inquiry is:  (1) whether there is a detrimental impact on those who would oppose the proposal; and (2) whether the board's recommendations would have been altered by the revision(s).  Id.; State v. Board of Comm'rs of Knox County Tenn., 806 S.W.2d 181, 188 (Tenn. Ct. App. 1990). An affirmative answer to either question mandates resubmission.

In the present case, we are not confronted with a mere revision to a previously proposed zoning amendment.  Accordingly, we do not revert to the test for determining whether a revision was substantial.  We are confronted with an entirely new zoning classification proposal (i.e., a new zoning admendment

5

proposal) which had never been before the regional planning commission. We find a clear distinction between a newly proposed classification and a previously submitted classification that has undergone mere revisions. Tennessee Code Annotated § 13-7-105 mandates submission of the new classification without further inquiry.

Accordingly, we hold that the proposed zoning change to planned commercial in the present case must have been presented to the regional planning commission before the county commission had jurisdiction to act on the proposal. The county commission's review and approval was, therefore, both null and void. Costs shall be taxed to the Knox County Board of Commissioners for which execution may issue if necessary.

_____
Janice M. Holder, Justice

**Concurring:**

Birch, C.J.
Reid, Drowota and Anderson, JJ.

6