IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 20, 2004 Session

## CLARK DUNLAP, ET AL. v. CITY OF MEMPHIS

**A Direct Appeal from the Chancery Court for Shelby County**
**No. CH-01-1332-1     The Honorable Walter L. Evans, Chancellor**

_____

**No. W2003-02649-COA-R3-CV - Filed November 12, 2004**

_____

Eight full-time Memphis police officers, all of them former officers with the Memphis Police Reserve, sued for declaratory judgment finding that time they served in the Memphis Police Reserve should be credited toward the thirty years of service required in order to receive an automatic promotion to the rank of Captain under Section 67 of the Memphis Charter. Plaintiffs argued that designation of reserve officers as "part-time employees" in Article III, Section 28-56 of the Memphis Code, entitles them to receive such service credit. The Shelby County Chancery Court denied their request for declaratory judgment. Plaintiffs appeal. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Rex L. Brasher, Jr., Memphis, For Appellant, Clark Dunlap

Louis P. Britt III and David P. Knox of Memphis For Appellee, City of Memphis

**OPINION**

This appeal concerns the question of whether time spent as a reserve officer in the Memphis Police Department should be credited toward the thirty years of service required for a Memphis Police Officer to receive an automatic promotion to the rank of Captain. Eight Memphis police officers, all of them former reserve officers in the Memphis Police Department, sought a declaratory judgment that their tenure as reserve officers should be credited toward the thirty years of service required for automatic promotion to the rank of Captain. The Shelby County Chancery Court denied the plaintiffs' request for declaratory judgment, finding that time spent in the volunteer police reserve is not service time for the purpose of automatic promotion to the rank of Captain.

## I. FACTS

Appellant is a Memphis Police officer who seeks to have the time he spent as a volunteer reserve officer of the Memphis Police Department credited toward the thirty years of service required in order to receive an automatic promotion to Captain.[1] According to the Appellee's brief, Appellant spent one year and one month in the police reserve.

The City of Memphis charter, Section 67, provides for the automatic promotion of police officers to the rank of Captain after thirty years of service. The charter provision reads, in relevant part, as follows:

**Sec. 67.  Automatic promotion to captain after thirty years**.

Any fireman or policeman, who shall have served the City of Memphis for a period of thirty (30) years, either continuously or intermittently, shall, at the expiration of said thirty years, automatically be promoted to the rank of captain of the fire division or captain of the police division, with all the salary, emoluments and other privileges of said rank; and, upon the retirement of such fireman or policeman, he shall receive a pension as captain.

The operation of the Memphis Police Reserve is governed by Section 28-56 through Section 28-67 of the Memphis Code. The Memphis Police Reserve is an auxiliary police force that is comprised of volunteer members. (Sec. 28-56.) "They shall be part-time employees of the city police services division and shall be included in any life or health insurance or other such fringe benefits provided for employees of the city, if they so desire, but shall not be included under the civil service or retirement system of the city." (Sec. 28-56.) The police reserve is wholly under the control of the director of police. (Sec. 28-58.) Any member of the police reserve may be terminated at the will of the director. (Sec. 28-60.) Each member of the police reserve is to be compensated at the rate of $1.00 per year. (Sec. 28-67.)

Evidence introduced at trial suggesting that at least one City of Memphis official was briefly under the impression that time spent in the police reserve would count toward the thirty-year promotion to Captain. Other evidence introduced by Plaintiffs at trial indicated that Employee Information Sheets kept by the Memphis Police Department occasionally indicated that time spent as a reserve officer was being credited toward the thirty-year requirement for the automatic elevation

---

[1] The notice of appeal in this case was filed by "Clark Dunlap, et. al." Under *Mairose v. Federal Exp. Corp.*, **86 S.W.3d 502 (Tenn.Ct.App. 2001)**, such notice of appeal under Tenn. R. App. P. 3 then existing did not confer jurisdiction on this court to decide the appeal as to any appellant except for Clark Dunlap. Therefore, this opinion deals only with the case of Clark Dunlap. Tenn. R. App. P. 3, as it is now in effect, would grant jurisdiction over the appeal as to all appellants. However, in practical effect, this issue is moot, since our affirmance of the trial court's judgment would have extended to all appellants  if we had, in fact, had jurisdiction over them.

to the rank of Captain. Plaintiffs also introduced evidence that reserve officers were occasionally referred to as "employees" in various contexts.

## II. PROCEDURAL HISTORY

Plaintiffs filed a complaint for declaratory judgment in the Shelby County Chancery Court on June 22, 2001. They sought a declaration that they should receive full service credit for the time they spent as reserve officers for the automatic promotion to the rank of Captain under Section 67 of the Memphis Charter. On February 15, 2002, the trial court granted the Plaintiffs' motion to amend their complaint to add two additional plaintiffs. Defendant, the City of Memphis, timely filed an Answer to both the original and the amended complaints, denying that the Plaintiffs were entitled to service credit for their time spent in the police reserve.

In an order entered on July 10, 2003, the trial court denied both the Defendant's motion for summary judgment and Plaintiffs' motion for summary judgment.

On August 28, 2003, a bench trial was held before the Honorable Walter Evans, Chancellor, during which seven of the eight Plaintiffs testified on their own behalf, and Sara Hall, the interim Director of Human Resources for the City of Memphis, testified on behalf of the city. At the conclusion of the bench trial, the court found that time spent in the Memphis Police Reserve should not be credited as service time for the purpose of automatic promotion to the rank of Captain after thirty years of service. The trial court found that the phrase, "who shall have served the City of Memphis for a period of thirty (30) years," should be interpreted to mean, "an individual who shall have served the City as a full time employee for thirty (30) years, not part time, and that full-time means at least thirty seven and one-half (37.5) hours per week." On September 12, 2003, the court entered an order denying Plaintiffs' complaint for declaratory judgment.

Appellant timely filed his notice of appeal on October 13, 2003.

## III. STANDARD OF REVIEW

Our standard of review in this non-jury case is *de novo* upon the record of the proceedings below and there is no presumption of correctness with respect to the trial court's conclusions of law. *Campbell v. Florida Steel Corp.*, **919 S.W.2d 26 (Tenn.1996)** and Tenn. R.App. P. 13(d). The trial court's factual findings are, however, presumed to be correct and we must affirm such findings absent evidence preponderating to the contrary. *Union Carbide Corp. v. Huddleston*, **854 S.W.2d 87 (Tenn.1993)**.

## IV. ISSUES ON APPEAL

Upon appeal, Appellant has presented several issues for review:

***Issue 1:*** Whether reserve police officers are part-time employees of the City of Memphis under Article III, Section 28-56 of the Memphis City Code.

***Issue 2:*** Whether current police officers, who served as reserve police officers prior to becoming full-time police officers, are entitled as part-time employees of the city to have that reserve time counted toward the thirty-year Captain status pursuant to Article X, Section 67 of the Memphis Charter.

***Issue 3:*** Whether the City of Memphis has treated such reserve officers as part-time employees so as to entitle them to automatic promotion to captain status after thirty years of service to the city.

***Issue 4:*** Whether the trial court erred in ruling that the phrase, "Who shall have served the city for a period of Thirty (30) years, either continuously or intermittently," as used in Article X, Section 67 of the Memphis City Code, means full-time employees as opposed to part-time employees.

However, we perceive there to be, in fact, only one issue in this appeal, which we identify as follows:

> Whether Appellant is entitled to receive full service credit toward the thirty years of service required in order to receive automatic promotion to the rank of Captain in the Memphis Police Department, for the time Appellant spent as a volunteer member of the Memphis Police Reserve.

## V. ANALYSIS

Under Article III, Section 28-56 of the Memphis Code, the Memphis Police Reserve is comprised of voluntary membership. However, Appellant points out that while reserve officers are volunteers, they are also designated as "part-time employees," and it is this phrase upon which his claim rests. If reserve officers are considered employees, Appellant argues, any service they fulfill as reserve officers should count toward the thirty years of service required to receive an automatic promotion to Captain.

To understand the meaning of the phase "part-time employee" in this context, close attention to the entire text of Section 28-56 is instructive:

> The auxiliary police force shall be designated as the "Memphis Police Reserve" and shall be composed of voluntary membership not to exceed three hundred (300) members; such members shall be headed by the director of police of the city, hereinafter designated as the "director." They shall be part-time employees of the city police services division and shall be included in any life or health insurance or other such fringe benefits provided for employees of the city, if they so desire, but shall not be included under the civil service or retirement system of the city.

It is conceded by all parties that Appellant, as a voluntary member of the Memphis Police Reserve, was compensated in the amount of $1.00 per year, giving him nominal status as an employee of the Memphis Police Department. It appears to this Court, as it did to the trial court, that this token compensation was paid—and the designation of "employee" given—for the purpose of making Appellant eligible for health and life insurance coverage, benefits to which he was expressly entitled under Section 28-56 of the Memphis Code. We note, however, that reserve officers are expressly *excluded* from the Civil Service or retirement system of the City of Memphis.

In light of these considerations—the status of reserve officers as volunteers, their nominal designation as employees for the purpose of insurance benefits, and their exclusion from the Civil Service and the retirement system—we must affirm the judgment of the trial court. We find that Appellant was correctly denied the declaratory judgment that he sought in this case. Reading Section 67 of the Memphis Charter in conjunction with Section 28-56 of the Memphis Code, we find that there is no basis for crediting time spent in the Memphis Police Reserve toward the thirty years of service necessary for automatic promotion to Captain. There is no support in the ordinance or charter for their claim that such voluntary participation in the reserve counts as "service" for the purpose of the thirty-year automatic promotion. When a statute is unambiguous, we must give effect to its plain natural and ordinary meaning. *See Westland West Community Ass'n. v. Knox County*, **948 S.W.2d 281, 283 (Tenn.1997)**.

Appellant argues that the City of Memphis has, in the past, indicated in various communications that reserve service does count toward the thirty-year service requirement. However, we note that all such communications brought into evidence seemed to rest on mistakes on the part of city employees, and such mistakes do not give rise to a right to declaratory judgment in this case. Indeed, the trial court found that "the City has never recognized reserve officer status for purpose of computing or calculating thirty (30) year captain status for retirement or for computing pension benefits." Even if the City of Memphis had, in fact, on occasion mistakenly granted an automatic promotion to Captain by crediting an individual's reserve service toward the requisite thirty years of service, such a mistake would not give rise to a right to declaratory judgment when the governing ordinance and charter are unambiguous.

Our decision to affirm the judgment of the trial court is supported by our holdings in two previous cases in which this Court has interpreted Section 67 of the Memphis City Charter, *Burrell v. City of Memphis*, **1989 WL 92164 (Tenn.Ct.App. 1989), perm. app. denied (Tenn. 1989),** and *Posey v. City of Memphis*, **23 S.W.3d 332 (Tenn.Ct.App. 2000), perm. app. denied (Tenn. 2000)**. In *Burrell*, eleven Memphis firefighters challenged the City's interpretation of Section 67, arguing that under this charter provision, they were entitled to automatic promotion to the rank of Captain after thirty years of service, and that they were further entitled to continue working in the rank of Captain until such time as they chose to retire. This Court explained the situation of the various plaintiffs in *Burrell* as follows:

> Eight of the eleven plaintiffs were promoted to captain pursuant to Section 67, after working from 31 to 39 years. They were terminated during a reorganization of the

Division. The remaining three plaintiffs completed their thirtieth year of employment with the City subsequent to the reorganization. There were no fire fighting captain positions open when these three plaintiffs reached their thirtieth year, therefore they were advised that they could either continue employment in their present position with their present rank or elect promotion under Section 67 of the Charter and then retire. All three employees elected promotion to captain and concomitant retirement.

This Court, in *Burrell*, then concluded that Section 67 of the Memphis City Charter was unambiguous, and we held as follows:

> We ... hold that the provisions of Section 67 of the Charter of the City of Memphis did not create a guarantee of employment; that it did provide for automatic promotion to captain at the completion of thirty years of service and provided for a captain's pension upon retirement.

*Id.* at *2. We affirmed the judgment of the trial court in *Burrell*, finding that the automatic promotion to Captain is a guarantee that officers with thirty years of service can *retire* at the rank of Captain, with pension benefits of a Captain, but that the provision provides no guarantee of employment beyond the automatic promotion. In light of the holding in *Burrell*, we are not persuaded that service in the Memphis Police Reserve—a program explicitly *excluded* from participation in the City's retirement program—should be credited toward the automatic promotion to the rank of Captain when such promotion is essentially a retirement benefit.

In the subsequent case of *Posey v. City of Memphis*, firefighters filed a class action suit against the City of Memphis, seeking injunctive relief and a declaratory judgment that the city's method of calculating pensions of thirty-year captains in the Memphis Fire Department, based upon the former rank of captain rather than upon the newly created rank of battalion commander, violated the City Code. We noted, in *Posey*, that our opinion in *Burrell* "effectively relegates the automatic promotion provision of Section 67 to *purely a retirement tool*. Such promotion rewards the employee for faithful service but provides no automatic benefit if employment is continued after thirty years." *Id*. at 335 (emphasis added). We went on to state, in the *Posey* opinion, that "the *Burrell* court determined that the automatic promotion provision, Section 67 of the Charter, is a device for enhancing the pension of those eligible firemen." *Id*. at 336.

The holding that we reached in *Burrell*, and that we amplified in *Posey*, enforces our decision that trial court did not err in denying relief to Appellant in the case at bar. In light of our finding, in *Burrell* and *Posey*, that the automatic retirement provision is "purely a retirement tool" and "a device for enhancing the pension of those eligible [officers]," it would be quite illogical to permit volunteer officers to enjoy the benefits of a retirement tool such as Section 67 when they are explicitly excluded from city retirement benefits under Section 28-56 of the Memphis City Code.

## V. CONCLUSION

The judgment of the trial court is affirmed. The costs of this appeal are assessed to the Appellant, Clark Dunlap, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.