IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On Brief July 23, 2004

## WOODROW JERRY HAWKINS v. CASE MANAGEMENT INCORPORATED, ET AL.

**A Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000936-03     The Honorable Karen R. Williams, Judge**

---

**No. W2004-00744-COA-R3-CV - Filed September 7, 2004**

---

This is an appeal from the trial court's grant of Defendants/Appellees' motion for summary judgment. Under T.C.A. §40-38-108, the trial court found that Defendants/Appellees were immune from prosecution for their alleged failure to properly inform Plaintiff/Appellant of his possible right to recover from the Tennessee Criminal Injury Compensation Fund. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Woodrow J. Hawkins, *Pro Se*

Cheryl M. Hearn, Memphis, For Appellees, Case Management Incorporated and Rosaline McGee

**OPINION**

Case Management, Inc. ("CMI") is a Tennessee non-profit 501(c)(3) tax exempt organization that assists individuals with mental health issues in all types of administrative and daily living matters. CMI receives grant funding under the Victims of Crime Act (VOCA). Rasaline McGee ("McGee," and together with CMI, "Defendants," or "Appellees") is a Case Manager with CMI. McGee formerly served as CMI's VOCA Advocate via the Victims Assistance Center of the General Sessions Criminal Court.

On or about May 12, 2000, Woodrow Jerry Hawkins ("Hawkins," "Plaintiff," or "Appellant") was involved in a physical altercation with a co-worker while employed as a temporary employee with LSI Temporary Services, LLC. Hawkins filed criminal charges as a result of the altercation. On or about May 31, 2000, the General Sessions Court counselor referred Hawkins to the VOCA Advocate at CMI for possible assistance under the VOCA program.

The Tennessee Criminal Injuries Compensation Act, T.C.A. §§ 29-13-101 et seq., allows innocent victims of violent crimes to recover, under certain circumstances, for expenses incurred due to their victimization. If granted, the reimbursement is paid from the Tennessee Criminal Injury Compensation Fund (the "Fund"), according to its guidelines.

After his referral to VOCA, CMI proceeded with an assessment and investigation of Hawkins's claim. It was determined that Hawkins had initiated the altercation that led to his injury. CMI then advised Hawkins that he was not eligible for relief from the Fund. Notwithstanding this assessment, CMI contends that they provided Hawkins with information on the Fund, which included instructions for filing a written claim for benefits. Hawkins failed to file a claim within the one year time period outlined in the Fund guidelines.

On October 29, 2002, Hawkins filed an action in the General Sessions Court of Shelby County. Hawkins specifically alleged that CMI and McGee failed to advise him of his rights, failed to provide him with access to a claim form for compensation under the Fund, and failed to tell him of the time limit for filing his claim. CMI denied all allegations made by Hawkins. On February 10, 2003, a General Sessions Judgment was entered in favor of Defendants. On that same day, Hawkins appealed to the Shelby County Circuit Court. On October 3, 2003, Defendants filed a Motion for Summary Judgment, along with a Statement of Material Facts. On October 22, 2003, Hawkins filed a Motion for Summary Judgment, along with his Statement of Facts in support thereof. The trial court heard the motions on November 14, 2003. The trial court found that, pursuant to T.C.A. §40-38-108 (2003), Defendants were immune from prosecution.[1] On November 17, 2003, the trial court entered its Order, granting summary judgment in favor of Defendants.

The thirty day period for filing an appeal began to run on November 18, 2003 and expired on December 17, 2003. Hawkins did not file an appeal during this period. On January 13, 2004, Hawkins filed a "Motion to Set Aside Summary Judgment." In his Motion, Hawkins asserted that he was not time barred from filing due to his medical condition. On December 3, 2003, Hawkins suffered a stroke and was hospitalized until December 11, 2003. On January 29, 2004, Hawkins' treating physician wrote a letter to the trial court indicating that Hawkins would require thirty days from release to recover. Defendants were given an opportunity to dispute the doctor's contention. The trial court chose to treat Hawkins' "Motion to Set Aside Summary Judgment" as a Tenn. R. Civ. P. 60.02 motion. Based upon the one year time period for filing a Rule 60.02 motion, the trial court found that Hawkins' Motion was timely. In light of Hawkins' stroke and subsequent medical treatment, the trial court found that there were extraordinary circumstances and extreme hardship and, consequently, vacated its Order of November 17, 2003. On February 5, 2004, the trial court entered a second Order, granting Defendants' Motion for Summary Judgment.

---

[1] T.C.A. §40-38-109(2003) reads, in relevant part, as follows:

> **40-38-108. Immunity for failure to comply.–** Failure to comply with any provision of this part shall not create a cause of action or claim for damages against the state, a political subdivision of the sate, a government employee or other official or entity, and no such cause of action shall be maintained...

Hawkins filed a timely appeal from this second Order.  The sole issue for review is whether the trial court erred in granting Defendants' Motion for Summary Judgment on the grounds that Defendants are immune from prosecution under T.C.A. §40-38-108.

It is well settled that a motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ.P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. ***See Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence.

The resolution of the issue before this Court hinges upon whether the Defendants are immune under T.C.A. § 40-38-108 (2003). The construction and interpretation of a statute is a question of law. ***The Beare Co. v. Tennessee Dept. of Revenue***, 858 S.W.2d 906, 907 (Tenn.1993). Summary judgment is a preferred vehicle for disposing of purely legal issues. ***See Byrd v. Hall***, 847 S.W.2d 208 (Tenn.1993); ***Bellamy v. Federal Express Corp***., 749 S.W.2d 31 (Tenn.1988). Consequently, this issue is  particularly suited to disposition by summary judgment. ***See***, e.g., ***Browder v. Logistics Management, Inc.***, 1996 WL 181435, 1996 LEXIS Tenn.App. 227 (Tenn.Ct.App.1996); ***see also Rainey***, at 119. Since only questions of law are involved here, there is no presumption of correctness regarding the trial court's grant of summary judgment. ***Bain*** at 622. Therefore, our review of the trial court's grant of summary judgment is ***de novo*** on the record before this Court. ***Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn.1997).

T.C.A. §40-38-108 provides immunity for failure to comply with any provision of the Victims' Bill of Rights, which would include a victim's right to "[b]e fully informed orally, in writing, or by video tape...[of] [t]he methods by which the victim may obtain a monetary award or other benefits from the criminal injuries compensation fund and information about obtaining assistance in securing such award or benefits...." T.C.A. §40-38-103(1)(I).  Under T.C.A. §40-38-108 , this immunity extends to "the state, a political subdivision of the state, a government employee, ***or other official or entity***." ***Id***. (emphasis added).  When interpreting a statute, the role of the Court is to "ascertain and give effect to the legislative intent." ***Sharp v. Richardson***, 937 S.W.2d 846, 850 (Tenn.1996). In the absence of ambiguity, legislative intent is derived from the face of a statute, and the Court may not depart from the "natural and ordinary" meaning of the statute's language. ***Davis v. Reagan***, 951 S.W.2d 766, 768 (Tenn.1997); ***Westland West Community Assoc. v. Knox County***, 948 S.W.2d 281, 283 (Tenn.1997).  In addition to being bound by the plain language of the statute, this Court is also bound by the general rules of grammatical construction.  ***See, e.g., Melton v. State***, 23 S.W.2d 662 (Tenn. 1930); ***McCullum v. Huffstutter***, No. M2002-00051-COA-R3-CV, 2002 WL 31247077 (Tenn. Ct. App. Oct. 8, 2002).

CMI and McGee contend that they are immune under T.C.A. §40-38-108 because they were acting in an official capacity on behalf of the District Attorney General to provide information to victims of criminal acts within the State of Tennessee.  While we find nothing in this record to

indicate that CMI or McGee was either authorized or implored to act on behalf of a governmental entity, we nonetheless find that, under the plain language of  T.C.A. §40-38-108, association with a governmental entity is not required for immunity.  The statute specifically extends immunity to "other" officials or entities, but does not specify whether those officials or entities must be governmental.  In the context of this statute, we cannot stretch grammatical construction so far as to read the word "government" (as in "government employee") to modify anything other than the word  "employee".  In short, the words "other official or entity" are not limited by the legislature's use of modifiers.  We must, therefore, read "other official or entity" expansively to include *any* other official or entity.  Consequently, under T.C.A. §40-38-108, both CMI (as an "entity") and McGee (as an "official" of that entity) are immune from prosecution for any failure to properly inform Hawkins of his rights.

For the foregoing reasons, we affirm the Order of the trial court.  Costs of this appeal are assessed against Appellant, Woodrow Jerry Hawkins, and his surety, if any.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.